GOYER, Plaintiff in error, v. STATE, Defendant in error.

*November 30, 1964—January 5, 1965.*

For the plaintiff in error there was a brief and oral argument by *Wm. J. Marth* of West Bend.

For the defendant in error the cause was argued by *William A. Platz*, assistant attorney general, with whom on the brief was *George Thompson*, attorney general.

WILKIE, J.   The principal issue on this appeal is whether it was violative of due process to try Goyer by way of an information rather than on presentment or indictment of a grand jury as required by the Fifth amendment of the United States constitution.[1]

---

[1] "No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, . . ."

Goyer waived any objection in this regard by failing to raise it before his trial.[2]

Assuming there was no waiver, nevertheless the law is well settled that the presentment or indictment requirements of the Fifth amendment are not made applicable to the states by the Fourteenth amendment.[3]

Counsel for defendant concedes that this is so but asks this court to overrule the *Rowan Case*[4] and hold that the Fourteenth amendment makes those provisions of the Fifth amendment apply in Wisconsin so as to require that criminal prosecutions proceed by way of a presentment or indictment of a grand jury and not by way of an information. We are convinced that the requirements of due process do not require or warrant such a change in the law. In fact, we are persuaded that the essentials of due process are well served by the present procedure, approved in *Rowan*.

The fundamental rationale of the ruling that due process does not require prosecution only by presentment or indictment growing out of a grand jury proceeding is well stated in *Rowan:*

"And the words *'due process of law,'* in this amendment, do not mean and have not the effect to limit the powers of the state governments to prosecutions for crimes by indictments, but these words do mean law in its regular course of administration according to the prescribed forms and in

---

[2] Sec. 955.09 (3), Stats.: "Defenses and objections based on defects in the institution of the proceedings, . . . must be raised before trial by motion or be deemed waived. . . ."

[3] *Thies v. State* (1922), 178 Wis. 98, 189 N. W. 539; *Rowan v. State* (1872), 30 Wis. 129; *Kennedy v. Walker* (1948), 135 Conn. 262, 63 Atl. (2d) 589, affirmed, 337 U. S. 901, 69 Sup. Ct. 1047, 93 L. Ed. 1715, rehearing denied, 337 U. S. 934, 69 Sup. Ct. 1491, 93 L. Ed. 1740; *Lem Woon v. Oregon* (1913), 229 U. S. 586, 33 Sup. Ct. 783, 57 L. Ed. 1340; *Hurtado v. California* (1884), 110 U. S. 516, 4 Sup. Ct. 111, 28 L. Ed. 232.

[4] *Supra,* footnote 3.

accordance with the general rules for the protection of individual rights. Administration and remedial proceedings must change from time to time with the advancement of legal science and the progress of society, and if the people of the state find it wise and expedient to abolish the grand jury and prosecute all crimes by information, there is nothing in our state constitution as it now stands, and nothing in the 14th amendment to the constitution of the United States, which prevents them from doing so." [5]

In *Kennedy,* the supreme court of errors of Connecticut stated:

"The fact that throughout the more than three centuries this commonwealth has existed grand jury indictments have been required only for the most serious offenses is the strongest evidence that the people of this state do not believe that such indictments are necessary for their protection in other cases." [6]

and

"We can find neither in the history of criminal procedure in this state nor in the attitude of the people towards it any basis for a conclusion that grand jury indictments ought to be a necessary foundation upon which all prosecutions for infamous crimes should rest." [7]

The United States supreme court held in *Hurtado:*

"Tried by these principles, we are unable to say that the substitution for a presentment or indictment by a grand jury of the proceeding by information, after examination and commitment by a magistrate, certifying to the probable guilt of the defendant, with the right on his part to the aid of counsel, and to the cross-examination of the witnesses produced for the prosecution is not due process of law." [8]

---

[5] *Supra,* footnote 3, at page 149.

[6] *Supra,* footnote 3, at page 270.

[7] *Kennedy v. Walker, supra,* footnote 3, at page 271.

[8] *Supra,* footnote 3 at page 538. See reference to *Hurtado* rule in footnote 2 of majority opinion, *Malloy v. Hogan* (1964), 378 U. S. 1, 4, 84 Sup. Ct. 1489, 12 L. Ed. (2d) 653.

Also in *Lem Woon:*

"But since, as this court has so often held, the 'due process of law' clause does not require the State to adopt the institution and procedure of a grand jury, we are unable to see upon what theory it can be held that an examination, or the opportunity for one, prior to the formal accusation by the district attorney, is obligatory upon the States." [9]

This basic rationale remains unaffected by recent decisions of the United States supreme court holding that certain other Bill of Rights provisions are binding upon the several states in view of the due-process requirement of the Fourteenth amendment. [10] The essence of the due-process concept in considering whether the Fourteenth amendment requires that certain provisions of the Bill of Rights apply to the states is that due process means " 'a fundamental right, essential to a fair trial.' " [11]

There is nothing fundamentally unfair about the procedure that permits criminal prosecution by way of information especially as contrasted with a prosecution flowing from a grand jury proceeding. That a prosecution by way of information has many features of fairness also present in the grand jury procedure, was pointed out by this court in *Thies v. State,* where it was stated:

"The object or purpose of the preliminary investigation is to prevent hasty, malicious, improvident, and oppressive prosecutions, to protect the person charged from open and public accusations of crime, to avoid both for the defendant

---

[9] *Supra,* footnote 3, at page 590.

[10] *Escobedo v. Illinois* (1964), 378 U. S. 478, 84 Sup. Ct. 1758, 12 L. Ed. (2d) 977; *Malloy v. Hogan* (1964), 378 U. S. 1, 84 Sup. Ct. 1489, 12 L. Ed. (2d) 653; *Massiah v. United States* (1964), 377 U. S. 201, 84 Sup. Ct. 1199, 12 L. Ed. (2d) 246; *Gideon v. Wainwright* (1963), 372 U. S. 335, 83 Sup. Ct. 792, 9 L. Ed. (2d) 799; *Spano v. New York* (1959), 360 U. S. 315, 79 Sup. Ct. 1202, 3 L. Ed. (2d) 1265.

[11] *Gideon v. Wainwright, supra,* footnote 10, at page 340.

and the public the expense of a public trial, and to save the defendant from the humiliation and anxiety involved in public prosecution, and to discover whether or not there are substantial grounds upon which a prosecution may be based." [12]

There is nothing inherently fairer, in the quest to provide defendant with a fair trial, about a procedure allowing prosecution by indictment by grand jury rather than by way of an information.

The remaining issue is whether it was error to impose a sentence for conviction of a single crime which runs concurrently in part and consecutively in part. The judge had no authority to split the sentence. [13] The sentence is part of the judgment. In view of the trial court's error sentence should not be split but should be declared to be for a ten-year concurrent term.

*By the Court.*—Judgment modified to provide that sentence is for a ten-year concurrent term and, as so modified, affirmed.

CURRIE, C. J. (*concurring*). I fully concur in the opinion of the court. This concurring opinion will be directed solely to the contention of appellant that the provision of the Fifth amendment to the United States constitution that, "No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, . . ." has application to a prosecution for felony in a state court.

As Mr. Justice CARDOZO pointed out in *Palko v. Connecticut* (1937), 302 U. S. 319, 323–325, 58 Sup. Ct. 149,

---

[12] *Supra,* footnote 3, at page 103.

[13] Sec. 959.07, Stats. ". . . The court may impose as many sentences as there are convictions and may provide that any such sentence shall commence at the expiration of any other sentence; and if the defendant is then serving a sentence, the present sentence may provide that it shall commence at the expiration of the previous sentence."

82 L. Ed. 288, the due-process clause of the Fourteenth amendment does not embody all of the prohibitions of the Bill of Rights (amendments I to VIII) but only those "found to be implicit in the concept of ordered liberty, . . ." The *Palko* opinion, by way of illustration, points out that the immunity from prosecution except by indictment of a grand jury is "not of the very essence of a scheme of ordered liberty" and to abolish it is not to violate a " 'principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental.' " Id. page 325.

There are those who maintain that the Fourteenth amendment originally was intended to incorporate the entire Bill of Rights. A complete refutation of this hypothesis is to be found in Professor Fairman's great contribution to legal history, "Does the Fourteenth Amendment Incorporate the Bill of Rights?" 2 Stanford Law Review (1949), 5. One of the telling facts marshaled by Fairman is that a number of states which ratified the Fourteenth amendment had provisions in their own state constitutions or statutes which were in direct conflict with certain provisions of the Bill of Rights. Included among these states were Connecticut, Indiana, Kansas, and Michigan which did not require grand jury indictments in all felonies. For example, the supreme court of Connecticut in *State v. Hayes* (1941), 127 Conn. 543, 581, 18 Atl. (2d) 895, declared that proceeding in criminal prosecutions by information was "in accordance with the practice in this state for nearly two centuries and approved by our courts."

Fairman relates in some detail what transpired in Wisconsin as reflecting the understanding that this state could not have ratified the Fourteenth amendment with any idea that it incorporated the Bill of Rights. When the legislature ratified this amendment in 1867, sec. 8, art. I, of the Wisconsin constitution provided, "No person shall be held

to answer for a criminal offense, unless on the presentment, or indictment of a grand jury, ؛ . .." Then on March 9, 1869—less than a year after the Fourteenth amendment had been ratified by the required number of states—the legislature adopted a resolution to amend this section of the state constitution so as to delete the requirement of a presentment or indictment by a grand jury. The succeeding legislature passed the resolution, the people approved of it in a referendum, and the amendment became effective in 1870. Then two years later this court decided *Rowan v. State* (1872), 30 Wis. 129. This is rather conclusive evidence that the contemporary understanding in Wisconsin was that ratification of the Fourteenth amendment did not impose the requirement of the Fifth amendment of a grand jury presentment or indictment in state criminal prosecutions.

Over the years there has been a rather steady movement away from grand jury indictments and substituting in its place the initiation of criminal prosecutions by complaint or information. Even England in 1933 abolished the grand jury.[1] While in 1791, when the first 10 amendments to the United States constitution containing the Bill of Rights became effective,[2] presentment or indictment by grand jury may have been implicit in the concept of ordered liberty, it had ceased to be so regarded by many people when the Fourteenth amendment was enacted and ratified. Today there are at least 21 states, in which an information is

---

[1] Administration of Justice (Misc. Provisions) Act, 1933, 23 & 24 Geo. 5, c. 36, sec. 1. See also Elliff, Notes on the Abolition of the English Grand Jury, 29 J. Crim., C. & P. S. (1938) 3. In 1827 Jeremy Bentham declared that long before that time the grand jury had outlived its usefulness. 2 Bentham Rationale of Judicial Evidence, 313, cited in 74 Harvard Law Review (1960), 591, footnote 12.

[2] See Historical Note, USCA, Constitution of the United States Annotated, Amendments 1 to 5, page 10.

available as a substitute for a grand jury in all criminal prosecutions.[3] United States District Judge JOHN W. OLIVER recently pointed out these pertinent facts showing the trend of opposition to the grand jury: William Howard Taft in 1915 testified against the grand jury before the New York State Constitutional Convention; in 1920 the American Judicature Society joined the ranks of those favoring complete abolition; in 1928 the American Law Institute recommended that all criminal prosecutions be commenced by information alone; and the Wickersham Commission's report in 1931 to President Hoover recommended that grand juries be abolished.[4]

While some present justices of the United States supreme court favor incorporation of all provisions of the Bill of Rights into the Fourteenth amendment, it seems unlikely that a majority of the court will so decide thus freezing upon the states compulsory presentment or indictment by grand jury when so many jurists and students of criminal law do not regard it as essential to ordered liberty, and the trend for many years has been steadily toward its abolition.

---

[3] Watts, Grand Jury: Sleeping Watchdog or Expensive Antique. 37 N. C. Law Review (1959), 290, 291.

[4] Oliver, The Grand Jury: An Effort to Get a Dragon out of His Cave, 1962 Washington University Law Quarterly, 166, 183.