STATE, Appellant, v. BAGNALL, Respondent.*

*No. State 150.  Submitted under sec. (Rule) 251.54 October 3, 1973.
—Decided November 27, 1973.*
(Also reported in 212 N. W. 2d 122.)

---

* Motion for rehearing denied, without costs, on February 5, 1974.

For the appellant the cause was submitted on the briefs of *Robert W. Warren*, attorney general, *E. Michael Mc-Cann*, Milwaukee county district attorney, *Frank J.*

*Schiro*, assistant district attorney, and *James H. Mc-Dermott*, assistant attorney general.

For the respondent the cause was submitted on the brief of *Robert E. Sutton* and *Samson, Friebert, Sutton & Finerty*, all of Milwaukee.

WILKIE, J. Several issues are raised by this appeal:

1. Is an order granting the withdrawal of a guilty plea an appealable order?

2. Was the order of the trial court valid?

3. Was the trial court correct in concluding that the misnomer in the information vitiated the plea of guilty?

4. If the trial court was incorrect as to the consequences of the misnomer, was it correct in concluding that the defendant was apprised of the nature of the crime with which he was charged?

5. Is the sentence in this case contrary to law?

*Appealability.*

The state initially contends that the respondent cannot challenge the jurisdiction of the supreme court because he has waived all objections under sec. 269.51 (1), Stats.,[1] by accepting the notice of appeal and appellant's brief before making his motion to dismiss. This statute

---

[1] "269.51 **Irregularities and lack of jurisdiction waived on appeal; jurisdiction exercised; transfer to proper court.** (1) When an appeal from any court, tribunal, officer or board is attempted to any court and return is duly made to such court, the respondent shall be deemed to have waived all objections to the regularity or sufficiency of the appeal or to the jurisdiction of the appellate court, unless he shall move to dismiss such appeal before taking or participating in any other proceedings in said appellate court. If it shall appear upon the hearing of such motion that such appeal was attempted in good faith the court may allow any defect or omission in the appeal papers to be supplied, either with or without terms, and with the same effect as if the appeal had been originally properly taken."

has been construed to apply to technical defects only. The statute does not mean that jurisdiction which the court does not otherwise have can be conferred by waiver, but the statute applies only to such matters as are in their nature appealable.[2]

The basic issue is whether the granting of a motion to withdraw a guilty plea is in its nature a final order appealable by the state under sec. 974.05 (1) (a), Stats.[3] Jeopardy is waived by the entry of a motion to withdraw a guilty plea [4] and the order is certainly adverse to the state. The only debatable element is whether such an order has the requisite finality.

While it is generally true that to be final an order must dispose of the whole matter in litigation, it is also true that an order is appealable where even though it does not dispose of the entire subject matter in litigation it does terminate a particular proceeding or action.[5] The order here terminates the guilty plea proceeding which is separate enough from the trial which may result to warrant being held a final order and therefore appealable under sec. 974.05 (1) (a), Stats.

### Validity of the order.

The state argues that the order of the trial court granting the motion for withdrawal of guilty plea is null and void, having been entered more than 120 days after the defendant's conviction. Sec. 971.08 (2), Stats., reads:

---

[2] *Jaster v. Miller* (1955), 269 Wis. 223, 234, 69 N. W. 2d 265.

[3] "974.05 State's appeal. (1) A writ of error or appeal may be taken by the state from any:

"(a) Final order or judgment adverse to the state made before jeopardy has attached or after waiver thereof."

[4] *State v. Schmear* (1965), 28 Wis. 2d 126, 135 N. W. 2d 842.

[5] *Estate of Keske* (1966), 33 Wis. 2d 64, 146 N. W. 2d 450; 4 Am. Jur. 2d, *Appeal and Error*, p. 574, sec. 53.

"The court shall not permit the withdrawal of a plea of guilty or no contest later than 120 days after conviction."

This was a new statute, created by the Laws of 1969, ch. 255, sec. 63. Previously the subject of the withdrawal of pleas had been governed by case law. In *Pulaski v. State* [6] this court said that such a motion is directed to the discretion of the court in the interest of justice which the court had the inherent power to hear without statutory authorization. In *Pulaski*, the court decided that a motion to withdraw a plea was timely made if served and filed within one year from the finding of guilty and specifically rejected the idea that the hearing of the motion and the order granting the motion also must be made within the one-year period.

". . . One convicted upon a plea of guilty ought not be denied relief in a proper case because a trial court for valid reasons of pressure of work or otherwise cannot hear and decide the motion within a time limit set in reference to the diligence of the petitioner." [7]

The new statute which became effective on July 1, 1970, contained a comment which indicated that sub. (2) reduced from one year to 120 days the time for withdrawing a guilty plea and directed attention to *Pulaski v. State, supra.* Therefore the legislature was aware of the *Pulaski* holding and did not indicate that sub. (2) was designed to change the holding that it is sufficient that the motion be filed within the specified time limit. The comment indicates the statute only reduced the time limit from one year to 120 days.

This interpretation of sec. 971.08 (2), Stats., is consistent with the wording of sec. 974.02 (1), which was re-created by the same session law as the statute in ques-

[6] (1964), 23 Wis. 2d 138, 126 N. W. 2d 625.
[7] *Id.* at page 143.

tion. The relevant wording of sec. 974.02 (1), concerning a motion for a new trial, is as follows:

". . . but such motion [for new trial] must be made, heard and decided within 90 days after the judgment of conviction is entered, unless the court by order made before its expiration extends such time for cause. Such motion, if not decided within the time allowed therefor, shall be deemed overruled. . . ."

Here in a statute created at the same time as sec. 971.08, Stats., the legislature clearly indicated the procedure (as to motions for a new trial) that the state contends is provided in sec. 971.08. If the legislature had intended that a guilty plea withdrawal motion must be heard and decided within 120 days after conviction it would have utilized similarly clear and express language.

*Correctness of vacating plea for misnomer of victim.*

The trial court called to the attention of defense counsel and the district attorney that the victim of the attempted murder had been identified in the complaint as Jack Schmidt, in the information as Jack Smith and in the testimony at the guilty plea proceeding as Jack Schmidt. The name on the information was incorrect. The name on the complaint was correct. After deliberation, the trial court concluded that this variance was material and that it was fatal to the requirement of acceptance of guilty pleas that the conduct which the defendant admits constitutes the offense charged. The trial court concluded that under the circumstances the plea worked a manifest injustice, basing its decision to this effect on several old Wisconsin cases and upon an excerpt from American Jurisprudence, which reads as follows:

"An indictment must state the name of the victim of an offense where that is an essential element of the offense charged, and a failure to state it, or a material

variance between statement and proof, is fatal, or at least prejudicial, but an immaterial variance is not. . . ." [8]

However, sec. 129 of 41 Am. Jur. 2d goes on to indicate that the common-law rule which required that the name of the person against whom the offense was directed be stated with exactitude has been relaxed in most jurisdictions and that statutes have been enacted in varying terms designed to validate indictments or informations which contain mistakes in the identification of the victim.

The narrow but real issue is whether a variance, such as the one present here, vitiates the guilty plea in this case. The issue is settled by sec. 971.26, Stats., which provides:

"No indictment, information, complaint or warrant shall be invalid, nor shall the trial, judgment or other proceedings be affected by reason of any defect or imperfection in matters of form which do not prejudice the defendant."

Although the trial court concluded that sec. 971.26, Stats., did not save this guilty plea proceeding because of its unexplained statement that the variance was prejudicial, we hold that the statute requires a showing of *actual* prejudice, and that where, as here, there may be a material variance it cannot be held to be automatically prejudicial.

Here, the respondent actually saw the officer and heard him testify and stated that his testimony was correct. There is no indication that at any time the defendant was confused as to the identity of the person he was charged with attempting to murder. There could be no showing of prejudice here.

This court has held that failure of an information to charge a crime known to law is a jurisdictional defect

---

[8] 41 Am. Jur. 2d, *Indictments and Informations*, p. 1045, sec. 271.

and fatal to the conviction.[9] However, if a crime is charged but there is a defect in the charge, sec. 971.26, Stats., comes into operation. A difference in the date of the crime between the complaint and the information (the information containing the incorrect date) has been held to be a matter of form and nonprejudicial under this statute.[10] In *State ex rel. Wenzlaff v. Burke*[11] this court was faced with a challenge to the sufficiency of an information charging attempted rape. The information charged the defendant with assaulting a female and did not name any particular victim. The court agreed that an information must contain circumstances necessary to an exact description of the offense as defined by the statute creating it, but that a defect which does not go to the substance of the offense does not vitiate the information.

"... An information or indictment has been held sufficient after verdict even though it failed to allege the name of the person collaterally involved in the offense. [Cases omitted.] ... A plea of guilty has the same effect as a verdict of guilty with regard to defective averments of an information or indictment. ..."[12]

The court concluded that the defect in *Wenzlaff* was one of form only. If failure to name the victim is a nonjurisdictional defect of form only, certainly a mistake in the naming of the correct victim is also one of form only and if not prejudicial to the defendant such a defect does not invalidate the information or any proceedings based thereon by virtue of sec. 971.26, Stats.

[9] *State v. Lampe* (1965), 26 Wis. 2d 646, 133 N. W. 2d 349; *Champlain v. State* (1972), 53 Wis. 2d 751, 193 N. W. 2d 868; *State v. Schneider* (1973), 60 Wis. 2d 563, 211 N. W. 2d 630.

[10] *Burkhalter v. State* (1971), 52 Wis. 2d 413, 190 N. W. 2d 502.

[11] (1947), 250 Wis. 525, 27 N. W. 2d 475.

[12] *Id.* at page 532.

*Propriety of the guilty plea proceeding.*

The respondent seeks this court's review of the trial court's decision that he was properly apprised of the nature of the charges against him and that there was a factual basis for the plea. Respondent correctly contends that if a ruling of a trial court is in fact correct it does not matter what ground has been assigned by the trial court for the ruling.[13] In its reply brief the appellant-state argues that the defendant-respondent should not be heard on this appeal with respect to matters neither of which formed the basis for issuance of the order under review.

In its notice of appeal the state appealed from "that part of the order . . . rendered in favor of the defendant against the plaintiff, whereby the defendant's motion to withdraw his plea of guilty was granted, and a new trial was ordered." By wording the notice in this way the state apparently tried to come within the requirements of sub. (4) of sec. 274.12, Stats.[14] However, the order here involved does not contain severable portions. The order simply grants a withdrawal of the guilty plea. The memorandum decision discusses the reasons upon which the trial court relied and did not rely. Under sec. 274.12 (2) [15] a defendant can raise as error the ruling of the trial court that the plea was understandingly en-

[13] *Medlock v. Schmidt* (1965), 29 Wis. 2d 114, 138 N. W. 2d 248.

[14] "274.12 . . .

"(4) When any respondent desires to review an order, judgment or portion thereof not appealed from, he shall within 30 days after service on him of notice of appeal take and perfect his appeal or be deemed to have waived his right so to appeal."

[15] "274.12 . . .

"(2) A respondent may without serving the notice of review mentioned in subsection (1) have a review of any error, the correction of which would merely support the judgment or order appealed from."

tered. If that part of the trial court's decision is reversed this will support the order appealed from since it would be a further point in allowing the defendant-respondent to withdraw his guilty plea.

Although the respondent's argument No. III refers only to the issue of whether he was apprised of the nature of the charges against him, respondent also raises the issue in his discussion of whether the record reveals a proper factual basis for the plea. The burden is on the defendant to establish adequate grounds for the withdrawal of his plea, by clear and convincing evidence [16] and the court's exercise of its inherent power to grant or deny the motion will not be disturbed unless it is shown that there has been an abuse of discretion.[17] It is significant that the respondent does not claim that he entered his plea because of any confusion over the nature of the offense or because he was in ignorance of possible defenses. The respondent does not deny that he had the requisite intent. Respondent argues simply that the record did not support a valid acceptance of the guilty plea.

Respondent first argues that where a serious crime is involved the trial court should make specific inquiries into all of the elements of the crime. Here counsel argues that the trial judge should have asked the defendant whether he understood that "intent to kill" was a necessary element of the crime of attempted murder. A guilty plea proceeding "demands the utmost solicitude of which courts are capable in canvassing the matter with the accused to make sure he has a full understanding of what the plea connotes and of its consequences." [18] In *Ernst v. State* [19] this court enumerated those things

[16] *State v. Reppin* (1967), 35 Wis. 2d 377, 151 N. W. 2d 9.
[17] *State v. Froelich* (1971), 49 Wis. 2d 551, 557, 182 N. W. 2d 267.
[18] *Boykin v. Alabama* (1969), 395 U. S. 238, 243, 244, 89 Sup. Ct. 1709, 23 L. Ed. 2d 274.
[19] (1969), 43 Wis. 2d 661, 170 N. W. 2d 713.

which a court must determine before it may properly accept a plea of guilty. However, this court has consistently held that while the *Boykin* and *Ernst* cases have imposed a rigid burden on trial courts to create a record showing the defendant's understanding of the nature of the charge,

". . . they have not established mandatory or inflexible guidelines as to the form or nature of the inquiry that must be made. . . . The mandate as to the end result which the trial court must achieve is clear, but the precise means by which it does so have been left largely to its own discretion." [20]

As this court recently stated, "It is not the litany to be recited that is most important. It is rather that the record make clear that the plea of guilty was voluntarily and understandingly entered." [21] In *McAllister v. State* [22] this court did reverse a guilty plea where the record was absolutely silent in regard to the defendant's understanding of the charge.

Here the record reveals that the defendant was thirty years old at the time of the plea and that he was a high school graduate. The court asked him: "Do you understand that you are attempting to plead guilty to the charge of attempted murder?" The defendant replied, "Yes, sir." The court then said:

"Here is a copy of the information, and read it. [The judgment roll reflects that the information was read to the defendant.] Are you pleading to the fact that all of the allegations set forth in this information are true and correct?"

[20] *Martinkoski v. State* (1971), 51 Wis. 2d 237, 245, 186 N. W. 2d 302; *Edwards v. State* (1971), 51 Wis. 2d 231, 186 N. W. 2d 193; *Burkhalter v. State, supra,* footnote 10; *Jones v. State* (1973), 59 Wis. 2d 184, 207 N. W. 2d 890.

[21] *Jones v. State, supra,* footnote 20, at page 200.

[22] (1972), 54 Wis. 2d 224, 194 N. W. 2d 639.

The defendant replied, "Yes, sir." The trial court then inquired of both attorneys whether they were satisfied that the plea was entered voluntarily and knowingly. Defense counsel said: "I am so satisfied, your Honor. I have discussed this several times with the defendant. He understands the consequences of the plea, and I think he is doing it freely, voluntarily, and understandingly." We cannot say that the trial court abused its discretion in concluding that on this record the respondent failed to demonstrate that he was not apprised of the nature of the charge against him.

The trial court also concluded that the evidence adduced at the guilty plea hearing did provide a factual basis to support the plea. This conclusion is also attacked on this appeal. And, of course, "this court will not upset the factual findings of the trial court unless they are contrary to the great weight and clear preponderance of the evidence." [23] After the police officer testified to the events resulting in the charge of attempted murder, the defendant was asked whether the testimony was substantially true and correct. The defendant answered "Yes." The defendant was twice asked whether he had anything to say to the court and both times the defendant answered "No." In response to questions from his defense counsel the defendant indicated that he had a gun with him. Counsel asked:

"*Q.* Did you intend to shoot at him? *A.* I can't say if I intended to. I shot and it was out of sheer panic. I just opened the door and there he was.

"*Q.* Well, did you shoot—do you know whether or not you aimed at and toward him at that moment? *A.* When I hit him, I thought I had hit him in the shoulder. I heard him, not scream; he said, 'Oh,' or he groaned.

"*Q.* I didn't ask you that; I asked prior to pressing the trigger of this gun, did you intend to shoot him? *A.* I fired at him.

"*Q.* You did fire at him? *A.* Yes."

---

[23] *Martinkoski v. State, supra,* footnote 20, at page 243.

Thus, at best there is an equivocal statement followed by more positive statements when the defendant was pressed. The defendant did not affirmatively deny he intended to kill the officer, or that he accidentally fired, etc. The trial court's conclusion that the conduct which the defendant admitted constituted attempted first-degree murder was not contrary to the great weight and clear preponderance of the evidence.

## *The propriety of the sentence.*

The defendant was on parole after serving approximately five years at Green Bay Reformatory and Fox Lake for armed robbery and armed robbery masked when he committed the crime to which he pleaded guilty in this case. He had received concurrent sentences of twenty and twenty-three years respectively for the two armed robberies. Thus the defendant would have approximately seventeen years to serve if his parole would be revoked. The trial court here sentenced the defendant for the crime of attempted murder to serve "not more than 30 years [in the state prison of Waupun], the first seven years of such term to run concurrent with any other term or any other prison sentence now outstanding." This sentence was in error. In *Goyer v. State* [24] this court said that it was error to impose a sentence for conviction of a single crime which runs concurrently in part and consecutively in part. The court there said the judge lacked authority to split the sentence under sec. 959.07, Stats. 1965.[25] That statute has since been renumbered and is now sec. 973.15 (1). The new statute

---

[24] (1965), 26 Wis. 2d 244, 249, 131 N. W. 2d 888.

[25] Sec. 959.07, Stats. 1965 ". . . The court may impose as many sentences as there are convictions and may provide that any such sentence shall commence at the expiration of any other sentence; and if the defendant is then serving a sentence, the present sentence may provide that it shall commence at the expiration of the previous sentence."

is worded in a slightly different way, but it is clear that no significant change has been made. The new section provides:

"973.15 **Sentence, terms, escapes. (1)** . . . The court may impose as many sentences as there are convictions and may provide that any such sentence be concurrent or that it shall commence at the expiration of any other sentence; and if the defendant is then serving a sentence, the present sentence may provide that it shall commence at the expiration of the previous sentence. . . . Courts may impose sentences to be served in whole or in part concurrently with a sentence being served in a federal institution or an institution of another state."

It is clear that terms in the Wisconsin state prison system are to be served concurrently or consecutively, but that a court cannot split a sentence and provide for only part of a term to be served concurrently with another.

The trial court should correct the judgment of conviction to conform to the law and provide that the entire sentence run concurrently with any other outstanding sentence. Therefore, we remand the case for resentencing.

*By the Court.*—Order reversed; cause remanded for further proceedings not inconsistent with this opinion.