JONES, Plaintiff in error, v. STATE, Defendant in error.

*No. State 218 (1974). Submitted on briefs February 4, 1976.—Decided March 2, 1976.*

(Also reported in 238 N. W. 2d 741.)

For the plaintiff in error the cause was submitted on the brief of *Martin E. Love,* Legal Aid Society of Milwaukee.

For the defendant in error the cause was submitted on the brief of *Bronson C. La Follette,* attorney general and *Thomas J. Balistreri,* assistant attorney general.

CONNOR T. HANSEN, J.   Defendant was charged with first-degree murder, party to a crime, contrary to secs. 940.01 and 939.05, Stats. This charge arose out of her alleged participation, along with two other women, in an incident culminating in the death of a fourth woman as a result of stab wounds. This incident occurred on October 31, 1971.

Defendant proceeded to trial before the court, a jury having been waived, on June 26 and 27, 1972. On the second day of the trial, following discussion between the prosecution and defense, the state moved to amend the information to charge the defendant with second-degree murder. The defendant thereupon withdrew her plea of not guilty of the charge of first-degree murder and entered a plea of guilty to the charge of second-degree murder, party to a crime.

The court then gave defendant the opportunity to explain her participation in the events leading to the death of the victim. The defendant was questioned extensively about that participation. During the questioning, it was brought to the attention of the court that she was under medication. The amount of medication was later stipulated to be 800 milligrams of Thorazine, a tranquilizing drug, taken in dosages of 200 milligrams, four times daily. This dosage was being administered to

defendant at the time she entered her plea of guilty, as well as for at least several weeks prior thereto.

At the time the plea was made, the court explained to the defendant each element of the crime for which she was charged. Defendant was questioned as to the voluntariness of her plea and the court explained to her the consequences of her decision. The court further questioned her regarding her educational background, and requested defense counsel's opinion on the voluntariness of her plea. Defense counsel indicated that he was convinced that the defendant was entering the guilty plea freely and voluntarily. Counsel had represented the defendant for eight months immediately preceding the entry of her plea. During this period there was a variety of court proceedings, with the defendant present, arising out of this incident. Defendant was found guilty, pursuant to her plea and to the evidence adduced.

Upon motion of the defendant to withdraw her guilty plea, an evidentiary hearing was held. At this hearing, testimony was received from two psychiatrists and the attending physician of the Milwaukee county jail. Defendant had been incarcerated at that institution for a period of time prior to her trial. Each of these witnesses testified as to the potential effects of the drug Thorazine upon defendant's decision-making ability. Defendant's motion for withdrawal of her guilty plea was denied.

Determination of a single issue is dispositive of this review. Did the trial court abuse its discretion by denying defendant's motion to withdraw her guilty plea?

Defendant contends that her guilty plea was influenced by the tranquilizing agent which was administered to her during her pretrial confinement and on the day she entered her plea. She asserts that the potential effect of the drug on the voluntariness of her plea should have been probed by the trial court. This argument is based on the first three criteria mandated in *Ernst v. State*

(1969), 43 Wis. 2d 661, 674, 170 N. W. 2d 713, for trial court acceptance of guilty pleas. These directives require the trial court to make certain inquiries:

" '1. To determine the extent of the defendant's education and general comprehension.

" '2. To establish the accused's understanding of the nature of the crime with which he is charged and the range of punishments which it carries.

" '3. To ascertain whether any promises or threats have been made to him in connection with his appearance, his refusal of counsel, and his proposed plea of guilty.' "

Defendant argues that in making these determinations the trial court should have specifically inquired into the effect of the drug.

This court recently had occasion to discuss the duty of the trial court when a guilty plea possibly has been influenced by the use of drugs. *Melby v. State* (1975), 70 Wis. 2d 368, 234 N. W. 2d 634. After a review of the cases bearing on the issue of a defendant's state of mind at the time of the entry of the plea, this court determined that no specific inquiry into drug-related impairment was required because:

". . . The record shows no actual impairment of faculties nor any behavior which would lead the trial court to suspect such impairment. On the contrary, the record conclusively demonstrates that the defendant was composed and intelligently participated in all of the proceedings. He was represented by competent counsel. No attempt has been made to introduce evidence of impairment. If such impairment existed, evidence thereof would have been available to be brought to the attention of the court in view of defendant's commitment to the hospital for a determination on the issue of capacity. The court ordered a presentence investigation. Every opportunity was offered to the defendant and counsel to present information bearing on capacity, and the court took all reasonable precaution to determine that the

pleas entered were voluntary. The defendant was confined without access to drugs for a period of twenty-three days prior to his appearance to enter the plea. There is a complete absence of any request by counsel or defendant to make such investigation. No showing was made that such investigation might be necessary. From our examination of the record, we are of the opinion that the trial court extended the defendant the ' "utmost solicitude of which courts are capable in canvassing the matter with the accused to make sure he has a full understanding of what the plea connotes and of its consequences." ' . . ." *Melby v. State, supra,* pages 378, 379.

In the instant case, the defendant had taken the drug on the day the plea was entered, as well as for several weeks prior thereto. This was not the situation in *Melby, supra,* where the defendant had been confined without access to drugs for a period of three weeks. Nevertheless, here, as in *Melby,* the record demonstrates that defendant was composed and participated intelligently in the proceedings. This conclusion is supported by an examination of her testimony, including her examination by the trial judge. During this period of questioning there was no indication she did not fully understand what was occurring. The trial court made extensive inquiry into her comprehension of the charge against her, her waiver of rights, her educational level, and whether she had been influenced by threats or inducements. She was represented by competent counsel who expressed his conviction that the plea was free and voluntary. The fact that defendant was under medication was brought to the attention of the trial court during the course of her testimony, at which time she expressed the opinion that it had a beneficial effect. The trial court, therefore, was apprised of the situation and had ample opportunity to observe whether the medication was affecting her competence to the extent that the plea might be involuntary or not knowingly made. There

was absolutely no evidence of the existence of an impairment. Defendant and her counsel had considerable opportunity to present information on the issue of capacity.

At the time of the hearing on the motion to withdraw her plea, defendant was still taking a similar type of medication. The trial court once again concluded that she was fully capable of understanding the proceedings, regardless of the effect of the drug.

In *State v. Bagnall* (1973), 61 Wis. 2d 297, 308, 212 N. W. 2d 122, this court stated:

". . . The burden is on the defendant to establish adequate grounds for the withdrawal of his plea, by clear and convincing evidence and the court's exercise of its inherent power to grant or deny the motion will not be disturbed unless it is shown that there has been an abuse of discretion. . . ."

Under the facts and circumstances of this case, we conclude that no abuse of discretion is shown by failure to specifically inquire into the effect of the medication on defendant's competence to enter a plea.

Defendant apparently is also making the argument that, regardless of the actual effect of the medication on her comprehension, defendants should not be allowed to enter a plea while under the influence of drugs which may affect them psychologically. On this point, defendant notes the testimony of one of the doctors, elicited at the hearing on the motion to withdraw, to the effect that, without the medication, defendant would have been more likely to have entered no plea at all.

It is true that psychological alteration by the use of drugs may have a bearing on a defendant's guaranteed right to due process. *State v. Maryott* (1971), 6 Wash. App. 96, 492 Pac. 2d 239. However, there is no indication that defendant herein was administered the drug against her will. The expert testimony at the hearing to withdraw her plea is in conflict as to the actual effect which

this type of medication can have on a person's decision-making ability. Under these circumstances, the trial court had no choice but to base its determination upon observation and questioning of the defendant. Extensive opportunity for such observation and examination was presented both at the time the plea was entered and during the hearing on the motion to withdraw the plea. The trial court did not abuse its discretion by denying defendant's motion to withdraw her guilty plea. *State v. Bagnall, supra.*

We do not find the authorities of other jurisdictions presented by the defendant, to be persuasive as to the issue presented in this case. In *State v. Maryott, supra,* the drugs were administered to defendant without his consent and contrary to requests of the defense counsel to have him taken off medication. In *State v. Murphy* (1960), 56 Wash. 2d 761, 355 Pac. 2d 323, the issue was whether defendant's demeanor while on the witness stand, where he confessed his guilt, might have influenced the jury in its imposition of the death penalty. In *Hansford v. United States* (D. C. Cir. 1966), 365 Fed. 2d 920, it was determined that the court was under a duty to inquire into competency where there was substantial showing that defendant was suffering from narcotics-induced acute brain syndrome.

*By the Court.*—Order affirmed.