Lyle Joseph GROBARCHIK, Plaintiff in error-Petitioner,

v.

STATE of Wisconsin, Defendant in error.

Supreme Court

*No. 80–808–CR. Argued June 3, 1981.—Decided June 30, 1981.*

(Also reported in 307 N.W.2d 170.)

For the petitioner there was a brief and oral argument by *Ben Kempinen,* of Madison, legal assistance to institutionalized persons program.

For the defendant in error the cause was argued by *Jerome S. Schmidt,* assistant attorney general, with whom on the brief was *Bronson C. La Follette,* attorney general.

BEILFUSS, C.J.   This is a review of a decision of the court of appeals which vacated a judgment of the circuit court for Milwaukee county: JOHN L. COFFEY, Circuit Judge.

This review concerns the validity of the sentence and probation order which were pronounced after Lyle Joseph Grobarchik was convicted of two counts of armed robbery.  Grobarchik, the petitioner herein, contends that the order of probation was not authorized by law.

In the summer of 1968 Grobarchik (defendant) was charged with a series of crimes.  Seven separate criminal

actions were commenced, five of which involved allegations of armed robbery. The defendant was also charged with forgery, operating an automobile without the owner's consent and possession of marijuana.

On September 20, 1968, the defendant entered pleas of guilty to two counts of armed robbery. In exchange for this plea, the prosecutor agreed to drop the remaining charges against Grobarchik. However, these matters were "read-in" to the record and were taken into account by the trial judge for the purposes of sentencing.

The court then sentenced the defendant as follows:

*"The Court:* Lyle Joseph Grobarchik, in case G–6549, in which you were duly convicted of Armed Robbery before this Court, it is the said sentence of this Court that you serve an indeterminate term of not more than fifteen years at the Wisconsin Reformatory for Men at Green Bay, Wisconsin, the said sentence to commence tomorrow, November 22, 1968.

"In case G–6818, Lyle Joseph Grobarchik, in which you have also been convicted of Armed Robbery by this Court, this Court does sentence you to an indeterminate term of not more than fifteen years at the Wisconsin Prison at Waupun, Wisconsin; but this Court does withhold execution on that said sentence for a said period of five years, and the said probation to commence upon your release from confinement in case G–6549."

The effect of this sentence was to place the defendant on probation for a period of five years commencing upon his release from prison on parole or otherwise. Until the end of his parole term and until final discharge from the first criminal sentence, the probation period was to run concurrently with the parole. To the extent that the probation term exceeded the discharge date, the probation was designed to be consecutive to the criminal sentence. Thus the probation term was not intended to be wholly concurrent with or consecutive to the sentence to be served by the defendant.

The record reflects that the defendant served a part of his first sentence in confinement in the Wisconsin prisons and was then paroled. In accord with the sentence he received, his probation began at the time he was released from prison, and it ran concurrently with his parole term. However, as a result of violations of conditions of his parole and probation, Grobarchik's parolee and probationer status was revoked on September 24, 1975. He was returned to prison to complete the remainder of his first sentence. At that time the defendant also commenced serving the fifteen-year term which had been stayed for purposes of probation because of the probation revocation.

In October of 1976, the defendant filed a motion for postconviction relief under sec. 974.06, Stats., alleging that his probation was imposed in violation of the laws of this state. The defendant challenged the court's authority to order probation to commence upon release from confinement as opposed to ordering probation to commence upon expiration of an entire sentence. It was requested that the sentence be modified so as to strike that portion which attempted to make probation consecutive to the criminal sentence.

The sentencing judge modified its original order insofar as it provided for a term of probation commencing upon parole. He refused, however, to order the probation period to run entirely concurrent with the prison sentence. The probation order was modified so as to run consecutively to the expiration of the first sentence, including any parole time. The court did not alter the five-year term of the probation period. In modifying the order, the court noted that the defendant was originally sentenced in light of his violent and extensive criminal record. The court explained that the traits and disposition of defendant were such that supervision over an ex-

tended period was required, and that the original sentence was ordered in light of these considerations.

The defendant appealed from the entry of the order which required him to serve his probation consecutive to his first criminal sentence. In an unpublished opinion, the court of appeals held that the trial court had the authority to order probation to commence upon release from prison, and the court concluded that the initial sentence was valid. Therefore the amended sentence was vacated, and the cause was remanded with directions to reinstate the original sentence. *See Grobarchik v. State,* 99 Wis.2d 805, 300 N.W.2d 84 (Ct. App. 1980). We subsequently granted the defendant's petition to review this decision.

The questions presented by this review are two-fold. We must decide:

1. Whether the trial court had the authority to impose the original judgment which ordered probation to commence upon the defendant's release on parole prior to the expiration of the defendant's fifteen-year sentence.

2. Whether, in the absence of such authority, the proper remedy is to deem the probation and the prison sentence to have commenced simultaneously in 1968 and to have run concurrently.

In the briefs and at oral argument before this court, the state has contended that the court of appeal's decision should be affirmed and that the original judgment providing for probation upon release on parole should be allowed to stand. The defendant has argued that the term of probation was invalid to the extent that it was ordered to run from the time of the defendant's release from prison. We agree with this much of the defendant's argument, and we hold that the trial court had no authority to order probation to commence upon release from prison. However, we do not accept the defendant's claim

that the proper method of correcting this error is to invalidate the probation as consecutive to the prison term and to treat the sentence and probation period as running concurrently. We hold that a resentencing proceeding is the proper method for correcting the type of error involved in this matter. The defendant Grobarchik was resentenced after contesting the court's authority to enter the original judgment. Therefore we conclude that the correct disposition of this case, although not expressly requested by either of the parties, is to reverse the decision of the court of appeals and to reinstate the modified judgment filed on July 15, 1977.

The defendant in this case was given a term of probation which was ordered to commence upon his release from confinement on the fifteen-year term he received for conviction of the first count of armed robbery. Sec. 57.01, Stats. 1965, the statute relating to probation which was applicable in 1968,[1] provided:

"When a person is convicted of a felony (convictions under s. 52.05 excepted) and it appears to the court from his character and the circumstances of the case that he is not likely again to commit crime and that the public welfare does not require that he shall suffer the penalty of the law, the court may, by order, withhold sentence or impose sentence and stay its execution and in either case place him on probation to the department for a stated period, stating in the order the reasons therefor, and may impose as a condition of such order or of continuing it in effect that he shall make restitution or pay the costs of prosecution or do both. The period of probation may be made consecutive to a sentence of imprisonment on a different charge, whether imposed at the same time or previously. Consecutive periods of probation may be imposed. In case the conditions of probation are violated,

[1] The current statutory provision is found at sec. 973.09, Stats., and in relevant part provides that the "period of probation may be made consecutive to a sentence on a different charge, whether imposed at the same time or previously."

the current probation and all subsequent consecutive probations shall be revoked."

In light of this statute, the question which must be addressed is whether the probation period as ordered was "consecutive to a sentence of imprisonment."

As with other recent cases which have dealt with the sentencing authority of a trial judge, we must look to the provisions of the statutes for an answer to this question. The fashioning of a criminal disposition is not an exercise of broad, inherent court powers. We have recently observed based upon separation of powers principles, that it is for the legislature to prescribe the punishment for a particular crime and it is the duty of the court to impose that punishment. *State v. Machner,* 101 Wis.2d 79, 81, 303 N.W.2d 633 (1981). If the authority to fashion a particular criminal disposition exists, it must derive from the statutes. *Id.* at 82.

By virtue of the language of sec. 57.01, Stats. 1965, the court had the authority to impose a term of probation "consecutive to a sentence of imprisonment." The state submits that the quoted phrase is ambiguous. It is argued that this ambiguity allows the court to construe the phrase in accord with the goals and purposes of the probation statute. In order to facilitate the sentencing judge's flexibility in fashioning an individualized disposition for the criminal defendant, the state contends that it is proper to read the probation statute so as to allow the term of probation to commence upon release from prison on parole.

We detect no ambiguity in sec. 57.01, Stats. 1965, and in such a circumstance it is improper to refer to extrinsic sources to interpret a statute. *Wisconsin Bankers Ass'n v. Mut. Savings & Loan,* 96 Wis.2d 438, 450, 291 N.W.2d 869 (1980). It is a fundamental canon of statutory construction that technical terms or terms of art

are presumed to have been used with their technical meaning when used in a statute. Sands, *Sutherland Statutory Construction*, (4th ed. 1973), p. 150, sec. 47.29. In essence, the state asks that we construe the phrase "sentence of imprisonment" to mean "term of confinement in prison." The word "sentence" is a term of art in the criminal law, and such a construction would not be in accord with its accepted meaning.

A sentence is generally defined as "the judgment of a court by which the court imposes the punishment or penalty provided by the statute for the offense upon the person found guilty." *Prue v. State*, 63 Wis.2d 109, 115–16, 216 N.W.2d 43 (1974). If a defendant receives a criminal sentence in lieu of being placed on probation, the punishment may be in the form of a fine and/or imprisonment. When the defendant receives a sentence of imprisonment, the term of his confinement is not equivalent to the duration of his sentence. By virtue of the parole statutes, *see, e.g.*, sec. 57.06(1)(a), Stats., a person may be released from prison prior to the expiration of his sentence. However, the sentence itself continues during parole until the defendant is finally discharged from prison at the expiration of the term imposed. *State ex rel. Hauser v. Carballo*, 82 Wis.2d 51, 56, 261 N.W.2d 133 (1978); *State ex rel. Flowers v. H&SS Department*, 81 Wis.2d 376, 386, 260 N.W.2d 727 (1978). Until discharge, the defendant is in the constructive custody of the state and is subject to forfeiture of his liberty for violation of the conditions of his parole. *Id.* The phrase "sentence of imprisonment" as used in sec. 57.01, Stats., does not mean "term of confinement." As employed in the language of the criminal law, a sentence of imprisonment is a term of incarceration or supervision on parole which continues until the defendant is finally discharged.

In view of this conclusion, we read the terms of sec. 57.01, Stats. 1965, to authorize a probation term to commence consecutively to the expiration of an entire sentence inclusive of any potential parole term. The statute does not authorize the imposition of probation upon release from prison on parole, and in the absence of such a statutory provision the trial judge is without power to fashion such a criminal disposition. For this reason we hold that the term of probation as originally ordered in this case was invalid as being without foundation in the statutes.

In the instant controversy the trial court modified its original sentence upon the postconviction motion of the defendant. The probation order was modified so as to require the probation period to be served upon the completion of the entire sentence and not upon release from prison. The defendant contests the modification on two grounds. It is first contended that case law establishes that where a faulty consecutive sentence is attempted to be imposed, the remedy is to order the sentences to run concurrently. It is next argued that the modified probation order violated due process in that it constituted an increased sentence imposed as a penalty for the exercise of the defendant's postconviction rights. We do not accept either of these arguments.

The defendant submits that our decisions in *State v. Bagnall*, 61 Wis.2d 297, 212 N.W.2d 122 (1973), and *Goyer v. State*, 26 Wis.2d 244, 131 N.W.2d 888 (1965), stand as authority for ordering that the five-year probation term in this case must be made to run concurrently with the criminal sentence.[2] In both *State v.*

---

[2] Other cases are also cited as authority for this position. These decisions generally held that under the old consecutive sentencing statute, a sentence could not be imposed consecutively to a sentence which the defendant was not then serving. *See, e.g., Donald-*

*Bagnall, supra,* and *Goyer v. State, supra,* we held that a trial court had no authority to order a sentence to be served concurrently in part and consecutively in part with another sentence. In *Goyer,* without a discussion of any legal principles, this court corrected the error of the trial court by ordering that the defective consecutive term was to be served concurrently with the second sentence. In effect, the portion of the judgment attempting to order the sentences to be served consecutively was voided. In *Bagnall,* we noted that the sentence imposed was not valid, but we did not simply invalidate the consecutive portion of the judgment. That matter was remanded for resentencing in light of the statute on concurrent and consecutive sentencing. *State v. Bagnall, supra,* 61 Wis.2d at 312. We do not view either of these cases as persuasive authority for the defendant's position.

As a general rule, resentencing is the proper method to correct a sentence which is not in accord with the law. In *State v. Upchurch,* 101 Wis.2d 329, 305 N.W.2d 57 (1981), the question of the proper disposition of a sentencing order was considered. The court wrote that "the punishment ordered . . . was legally impermissible and resentencing is required." *Id.* at 336. Most recently in *Robinson v. State,* 102 Wis.2d 343, 306 N.W.2d 668 (1981), the court remanded for resentencing a matter involving improperly imposed consecutive sentences. These cases make it clear that the trial court acted prop-

*son v. State,* 93 Wis.2d 306, 286 N.W.2d 817 (1980), and *Guyton v. State,* 69 Wis.2d 663, 230 N.W.2d 726 (1975). In these cases consecutive sentencing was impossible as a matter of law because, when rendered, the defendant was not serving the sentence which the second sentence was to follow. Such is not the case in the matter before the court. The statutes clearly authorized consecutive probation under the factual circumstances of this case.

erly when it refused to simply void the probation period insofar as it ran consecutive to the defendant's release on parole. A sentencing proceeding is not a game, and when a trial judge mistakenly fashions a criminal disposition that is not authorized in the law, the result should not be a windfall to the defendant. *State v. Upchurch, supra,* 101 Wis.2d at 336. The trial judge proceeded properly when he resentenced Grobarchik.

The defendant next argues that the principles articulated in *North Carolina v. Pearce,* 395 U.S. 711 (1969), prevented the trial judge from imposing a modified sentence which was harsher than the original sentence. It is claimed that by virtue of ordering probation to be served consecutively to the completion of the first sentence the court extended supervision over the defendant for a period in excess of nine years. The defendant maintains that such an increase violates due process.

In *North Carolina v. Pearce, supra,* the United States Supreme Court held that after a defendant has successfully attacked his conviction on appeal and has obtained a new trial, a judge is not free to sentence the defendant without reference to the sentence mandated after the first trial. The court wrote at pp. 725–26:

"Due process of law, then, requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial. And since the fear of such vindictiveness may unconstitutionally deter a defendant's exercise of the right to appeal or collaterally attack his first conviction, due process also requires that a defendant be freed of apprehension of such a retaliatory motivation on the part of the sentencing judge.

"In order to assure the absence of such a motivation, we have concluded that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information con-

cerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. And the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal."

As a matter of the due process of law, after conviction upon retrial, a second sentence may not be increased contrary to the principles articulated in the *Pearce* decision.

The facts of *Pearce* are distinguishable from the present controversy. *Pearce* involved sentencing after retrial and not merely a resentencing proceeding. It has been recognized that this Supreme Court decision does not extend to the type of resentencing proceedings involved in this case. ABA Standards for Criminal Justice (2d ed), sec. 18–4.9, commentary, p. 18–325 (1980).

This is not to say that a judge in Wisconsin retains unlimited discretion when resentencing a defendant in the face of a prior invalid sentence. Even before the *Pearce Case* was decided, this court fashioned a similar rule in *State v. Leonard,* 39 Wis.2d 461, 473, 159 N.W.2d 577 (1968). On the basis of facts not unlike those involved in *Pearce,* the court held that

". . . on resentencing following a second conviction after retrial, or mere resentencing, the trial court shall be barred from imposing an increased sentence unless (1) events occur or come to the sentencing court's attention subsequent to the first imposition of sentence which warrant an increased penalty; and (2) the court affirmatively states its grounds in the record for increasing the sentence."

This rule, which applies to resentencings after retrial or to "mere" resentencings, is broader than the *Pearce* rule. The principle which forms the essence of the *Leonard* rule is applicable to this case.

Although we are of the opinion that some check must be placed on resentencing authority, we are not convinced that the *Leonard* rule is precisely suited to this task. Under that rule, the court may increase a sentence (1) when events are brought to the court's attention which warrant an increase in sentence, and (2) when the court states its grounds in the record for increasing the sentence. The first of these requirements is not applicable to the present situation.

The *Leonard* rule was created to apply to situations where, but for some other error in the proceedings, the first sentence was valid and enforceable. When a retrial or resentencing is ordered for reasons other than the illegality of the sentence itself, it is proper to require that the original sentence be reimposed unless events occur or come to the attention of the court which warrant an increased penalty. This rationale does not apply when an invalid sentence is rendered. In such cases the trial court's dispositional plan is frustrated. An alteration of the sentence in order to bring it into conformity with the law is required to effectuate the court's intent. Such an alteration is required without reference to whether or not the defendant "deserves" an increased term.

Having its basis in the due process clause of the state and federal constitutions,[3] the *Leonard* rule is designed to insure that the sentencing judge does not modify a criminal sentence for the purpose of penalizing a defendant who exercises his postconviction rights. Although the first element of the *Leonard* rule is not germane to this purpose in cases involving the correction of invalid sentences, the second element is relevant.

---

[3] The general rule is that the double jeopardy clause does not limit the length of the sentence imposed upon reconviction. *North Carolina v. Pearce*, 395 U.S. 711, 719 (1969). Similarly, when a sentence is attacked as *per se* invalid, principles of double jeopardy do not bar a more severe penalty upon resentencing. Campbell, *The Law of Sentencing*, sec. 59, p. 196 (1978).

When a defendant is resentenced for the purpose of correcting a prior invalid sentence, and when, as compared with the original sentence, the liberty interests of the defendant are substantially and adversely affected, the trial court must state on the record the reasons for so modifying the first sentence. His reasons must be based upon a desire to implement the original dispositional scheme as manifested by the record in the first sentencing proceeding. *Cf. Krueger v. State,* 86 Wis.2d 435, 272 N.W.2d 847 (1979); *Scott v. State,* 64 Wis.2d 54, 218 N.W.2d 350 (1974). This requirement will insure that resentencing will not be motivated by a desire to penalize the defendant for the exercise of his postconviction remedies.

In applying these principles to the case at bar, we note that the record reflects that the sentence was rendered after defense counsel expressly requested a period of probation for one of the two convictions. Defense counsel requested that this probation period follow a term of incarceration on the other armed robbery conviction. The remarks of the trial judge also indicate that probation was a central aspect of the dispositional scheme. The court indicated that the term of probation was to be served with the specter of a "fifteen year sentence hanging over [the defendant's] head."

At the second sentencing proceeding the judge explained that in view of the extensive criminal conduct of the defendant it was his original purpose and plan to keep the defendant under supervision for an extended period of time. When modifying the probation order the court did not increase the term of probation nor was the underlying sentence increased. The modification was merely designed to bring the disposition in conformity

with the law by virtue of making the probation term consecutive to the completion of the entire criminal sentence.

In light of these factors we are led to conclude that the trial court resentenced the defendant with the purpose of implementing the objectives of the original sentencing. The record provides no basis for concluding that the judge acted with malice or vindictiveness in an attempt to penalize the defendant for seeking a correction of his sentence.

The decision of the court of appeals in this case must be reversed, and the sentence of the trial court imposing the probation term of the defendant consecutively to the completion of the fifteen-year sentence must be reinstated. Under the statutes then existing, the trial court ordered an invalid disposition to the extent that it sought to impose a term of probation which commenced upon the defendant's release from confinement. To correct this defect, resentencing was an appropriate remedy and the record in this case adequately reflects that the court was motivated by a desire to implement its original dispositional plan in modifying the judgment.

*By the Court.*—The decision of the court of appeals is reversed and the modified judgment filed July 15, 1977, is reinstated.

COFFEY, J., took no part.