GERALD P. PTACEK, District Attorney Racine County
You have asked for my opinion concerning the legality of various sentencing practices adopted by some Racine circuit courts. Apparently the courts have adopted these sentencing practices to alleviate the crowded conditions in the county jail. These programs generally *Page 42 
provide alternatives to incarceration. For example, a convicted defendant may be ordered to perform a specified number of hours of work in community service, such as snow shoveling or assistance to the elderly, or to remain at home in lieu of imposing mandatory minimum sentences such as those required by sec. 343.44 (2), Stats.
Authority to fashion any particular disposition in a criminal case must derive from the statutes. Grobarchik v. State,102 Wis.2d 461, 467, 307 N.W.2d 170 (1981). In Wisconsin, if a court sentences a defendant, the sentence may be in the form of either a fine or imprisonment or both. Grobarchik, at 468. Probation is not a sentence. Prue v. State, 63 Wis.2d 109, 114, 216 N.W.2d 43
(1974). Absent specific statutory authority, courts cannot place conditions on a sentence of incarceration. State v. Gibbons,71 Wis.2d 94, 98, 237 N.W.2d 33 (1976). No authority exists for the type of conditions described in your opinion request. Therefore, if the court does not place the convicted defendant on probation but sentences the defendant to a period of incarceration, the court cannot impose conditions on that incarceration.
If a statute, such as sec. 343.44 (2), Stats., provides a minimum mandatory jail term, the court cannot refuse to impose that mandatory sentence. State v. Sittig, 75 Wis.2d 497, 500,249 N.W.2d 770 (1977). In such a situation, the court must sentence the defendant to at least the minimum term of incarceration required by statute. The court can neither place conditions on that sentence nor order the defendant to remain confined at home for part or all of the mandatory minimum sentence.
After your opinion request was received by this office, ch. 88, Laws of 1981, created sec. 973.05 (3), Stats. (effective November 28, 1981). This new statute permits courts to order a defendant to perform community service work for a public agency or nonprofit charitable organization in lieu of part or all of a fine. This law does not require that the community service work be a condition of probation. Therefore, a court now may order a defendant to perform community service work in lieu of part or all of a fine. This statute does not, however, authorize a court to order a defendant to perform community service work in lieu of part or all of a sentence of incarceration. There is no authorization for a court to order a defendant to remain at home in lieu of part or all of a fine. *Page 43 
Section 973.09 (1)(a), Stats., provides that a court may withhold sentence or impose sentence and stay its execution and in either event place a person on probation. The statute authorizes the imposition of any conditions of probation which "appear to be reasonable and appropriate." An imposition of probation places the probationer in the custody of the Department of Health and Social Services. State v. Tarrell, 74 Wis.2d 647,654, 247 N.W.2d 696 (1976). There is no authority for the court to place a person on probation to the court or any other agency except the Department of Health and Social Services. 60 Op. Att'y Gen. 271 (1971). Therefore, if a court places a convicted defendant on probation subject to conditions, those conditions must be enforced by the Department, not court personnel.
Section 973.09 (7m)(a), Stats., also created by ch. 88, Laws of 1981, permits a court to require community service work for a public agency or nonprofit charitable organization as a condition of probation. Unlike sec. 973.05 (3)(a), Stats., however, the condition of probation under sec. 973.09 (7m)(a), Stats., would be enforced by the Department of Health and Social Services. Our supreme court has adopted the American Bar Association'sStandards Relating to Probation. Any condition of probation must be measured by how well it serves to effectuate the dual goals of probation, the rehabilitation of those convicted of crime and the protection of the state and community interest. Huggett v. State,83 Wis.2d 790, 798, 266 N.W.2d 403 (1978). Therefore, ordering a convicted defendant to remain at home as a condition of probation must meet the standards discussed in Huggett.
In any case in which a defendant received a legally impermissible sentence, resentencing is required. State v.Upchurch, 101 Wis.2d 329, 336, 305 N.W.2d 57 (1981).
BCL:AML *Page 44