STATE of Wisconsin, Plaintiff-Respondent,

v.

John Lee GIVENS, Defendant-Appellant.

Supreme Court

*No. 80–1964–CR. Submitted on briefs June 3, 1981.—*
*Decided June 30, 1981.*

(Also reported in 307 N.W.2d 178.)

For the appellant the cause was submitted on the brief of *William J. Lundstrom* of Madison, legal assistance to institutionalized persons program.

For the respondent the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *Jerome S. Schmidt,* assistant attorney general..

BEILFUSS, C.J. This matter comes before us on a petition to bypass the court of appeals pursuant to sec. 809.60, Stats. We granted the petition of the defendant John Lee Givens (defendant) and ordered that this case be considered in conjunction with the case of *Grobarchik v. State,* 102 Wis.2d 461, 307 N.W.2d 170 (1981).

As in *Grobarchik v. State, supra,* the question presented by this appeal concerns the validity of a disposition ordered after the defendant's conviction for armed robbery.

On April 4, 1974, the defendant entered a plea of guilty to three counts of armed robbery, and conviction was entered on those pleas by Judge JOHN L. COFFEY. After a presentence investigation, Judge COFFEY sentenced the defendant on April 30, 1974 as follows:

*"The Court:* All right. John Lee Givens, at this time it is the said sentence of this Court as to counts no. 1 and 2 that you serve an indeterminate term of not more than 18 years at the Wisconsin Prison at Waupun, Wisconsin, both sentences to run concurrent with each other.

"As to count no. 3, it is the said sentence of this Court that you serve an indeterminate term of not more than 20 years and that sentence to run consecutive with counts nos. 1 and 2. This Court does withhold execution on the said sentence in count no. 3 and does order that you be put on probation to this Court for a period of 15 years. That will also run jointly with your said parole. The probation is for a period of 15 years."

Thus, the defendant received concurrent sentences of eighteen years each on counts one and two. As to the third count, a sentence of twenty years was stayed and the defendant received a term of probation of fifteen

years which commenced upon his release from prison and which ran concurrently with his parole term.

On May 6, 1980, the defendant filed a motion for post-conviction relief pursuant to sec. 974.06, Stats. This matter was assigned to Judge KESSLER. The motion sought modification of the sentence to correct that portion of the judgment which attempted to order a term of probation commencing upon the release of the defendant from prison on parole.[1] Relief was requested in the form of an order mandating that the allegedly defective probation term be deemed to have run concurrently with the sentences on the first two counts of armed robbery.

Judge KESSLER denied the motion, and this appeal ensued.

The question presented by this review is whether the trial court had authority to order a term of probation which commenced upon the defendant's release from confinement and which ran concurrently with a term of parole. If the sentencing judge lacked this authority, then we must decide what disposition is appropriate for this matter.

This case is controlled by our decision in *Grobarchik v. State, supra,* wherein we held that a court may not impose a period of probation which runs concurrently with a term of parole. The defendant in this case was granted probation under sec. 973.09, Stats. Sub. (1)(a) of this section provides in part that the "period of probation may be made consecutive to a sentence on a different charge, whether imposed at the same time or previously."[2] In *Grobarchik* we concluded that sec. 57.01,

---

[1] Other aspects of the motion are not a part of this appeal.

[2] Sub. (1)(a) of sec. 973.09, Stats., provides in entirety: "Except as provided in par. (b) or if probation is prohibited for a particular offense by statute, if a person is convicted of a crime,

Stats. 1965, which authorized a court to impose a period of probation "consecutive to a sentence of imprisonment" did not provide authority for the court to order probation commencing upon release on parole. *Grobarchik* at 467. The distinction between the statutes involved in these two cases is immaterial, and the principles which guided our determination in *Grobarchik* lead us to conclude that the probation order at issue in this case is equally invalid.

The question of an appropriate disposition remains to be decided. In *Grobarchik*, we held that resentencing is the appropriate remedy to correct the type of error which is involved in this case. Inasmuch as the defendant's motion for postconviction relief was denied, a resentencing proceeding was not conducted. Therefore this

---

the court, by order, may withhold sentence or impose sentence and stay its execution, and in either case place the person on probation to the department for a stated period, stating in the order the reasons therefor, and may impose any conditions which appear to be reasonable and appropriate. If the court places the person on probation, the court shall require restitution designed to compensate the victim's pecuniary loss resulting from the crime to the extent possible, unless the court finds there is substantial reason not to order restitution as a condition of probation. If the court does not require restitution to be paid to a victim, the court shall state its reason on the record. A court may require that restitution be paid to an insurer or surety which has paid any claims or benefits to or on behalf of the victim. If the court does require restitution, it shall specify the amount consistent with sub. (1m) and shall notify the department of justice of its decision if the victim may be eligible for compensation under ch. 949. If the court does require restitution, it shall require the probationer to pay a surcharge equal to 10% of the amount of restitution to the clerk of circuit court or the department of health and social services, as applicable under sub. (1m), for administrative expenses under this section. The period of probation may be made consecutive to a sentence on a different charge, whether imposed at the same time or previously."

matter must be remanded for a sentencing proceeding. *See State v. Upchurch,* 101 Wis.2d 329, 305 N.W.2d 57 (1981); *Robinson v. State,* 102 Wis.2d 343, 306 N.W.2d 668 (1981). Such a proceeding must then be conducted in light of the principles discussed in *State v. Grobarchik, supra.*

*By the Court.*—The order denying the defendant's motion for postconviction relief is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

COFFEY, J., took no part.