# STATE of Wisconsin, Plaintiff-Respondent,

v.

# Martinez AYTCH, Defendant-Appellant.

Court of Appeals

*No. 89-0517-CR. Submitted on briefs November 7, 1989.—Decided January 25, 1990.*

(Also reported in 453 N.W.2d 906.)

For the defendant-appellant the cause was submitted on the briefs of *Martinez Aytch,* pro se, of Waupun.

For the plaintiff-respondent the cause was submitted on the briefs of *Donald J. Hanaway,* attorney general, and *Marguerite M. Moeller,* assistant attorney general.

Before Moser, P.J., Sullivan and Fine, JJ.

SULLIVAN, J.   Martinez Aytch appeals from an order denying his post-conviction motion for sentence modification. *See* sec. 974.06, Stats. Following his conviction on separate charges of burglary and burglary, party to a crime, secs. 943.10(1)(a) and 939.05, Stats., Aytch was sentenced to consecutive five-year and three-year prison terms. However, the five-year term was stayed and Aytch was put on probation for three years,

concurrent with his three-year prison term.[1] Aytch was paroled and released from prison on June 30, 1987. On March 30, 1988, Aytch was arrested again, and on June 6, 1988, his probation and parole were revoked. Aytch reentered prison on August 25, 1988.

On appeal, Aytch argues: (1) that the sentencing court exceeded its authority by structuring a sentence so that Aytch's probation for one offense would in part be concurrent with his parole upon release from prison for the other; and, (2) that following the revocation of Aytch's parole and probation, sec. 973.10(2)(b), Stats., requires the sentence underlying the probation to begin running upon his return to prison. Alternatively, he argues that he is entitled to credit for time served against both prison sentences. We hold that the trial court did not exceed its authority in imposing Aytch's sentences, and that, because Aytch's prison terms are to be served consecutively, upon his return to prison he must finish serving the first before the second begins to run. In addition, because Aytch received credit for time served awaiting the revocation of his probation and parole against the first sentence, he is not also entitled to credit against the second prison term. Therefore, we affirm the order of the circuit court.

## I.

Aytch argues that the structure of his sentence is not permitted by Wisconsin law. He cites sec.

---

[1] Although the transcript of the sentencing proceedings indicates that the sentencing judge gave Aytch a five-year term of probation, the judgment of conviction and judgment roll indicate that the probation term was three years. This inconsistency, however, does not affect our resolution of the issues on appeal.

973.09(1)(a), Stats.,[2] and *State v. Givens,* 102 Wis. 2d 476, 307 N.W.2d 178 (1981). *See also Grobarchik v. State,* 102 Wis. 2d 461, 307 N.W.2d 170 (1981) (construing predecessor to 973.09, Stats.). However, *Givens* does not support his position. In *Givens* the supreme court held that sec. 973.09 did not give the sentencing court authority to impose a term of probation that would commence upon a convict's release from prison on parole. *Givens,* 102 Wis. 2d at 478–79, 307 N.W.2d at 179–80; *see also Grobarchik,* 102 Wis. 2d at 469, 307 N.W.2d at 175. However, in the case at hand, Aytch was given two consecutive prison sentences. One was stayed, and Aytch was placed on probation to run concurrent with the other prison sentence. Although Aytch was on probation at the time of his release from prison, the sentence structure imposed by the trial court does not violate the mandate of *Givens.*

The validity of each portion of Aytch's sentence is found in the statutes. Section 973.15(2), Stats., provides: "The court may impose as many sentences as there are convictions and may provide that any such sentence be concurrent with or consecutive to any other sentence imposed at the same time or previously." In addition, a sentence with probation that is concurrent to a prison

---

[2]Section 973.09(1)(a), Stats., provides in part:

**973.09 Probation. (1)** (a) Except as provided in par. (c) or if probation is prohibited for a particular offense by statute, if a person is convicted of a crime, the court, by order, may withhold sentence or impose sentence under s. 973.15 and stay its execution, and in either case place the person on probation to the department for a stated period, stating in the order the reasons therefor. The court may impose any conditions which appear to be reasonable and appropriate. The period of probation may be made consecutive to a sentence on a different charge, whether imposed at the same time or previously.

sentence on a different charge is permitted under sec. 973.09(1)(a), Stats.: "The period of probation may be made consecutive to a sentence on a different charge, whether imposed at the same time or previously." Therefore, we conclude that the sentencing court acted within its statutory authority in structuring and imposing Aytch's sentence. *See Grobarchik,* 102 Wis. 2d at 467, 307 N.W.2d at 174.

## II.

Aytch next argues that after revocation of parole and probation, the sentence underlying his probation should begin to run upon his return to prison. He relies on sec. 973.10(2)(b), Stats., which provides:

> **(2)** If a probationer violates the conditions of probation, the department may:
>
> . . ..
>
> (b) If the probationer has already been sentenced, order the probationer to prison, and the term of the sentence shall begin on the date the probationer enters the prison.

Aytch concludes that "the term of the sentence" relates to the sentence for which he was on probation and that consequently that sentence must begin to run upon his return to prison.

The parties have not cited nor has our research uncovered any published case which prioritizes the sanction to be applied upon simultaneous revocation of probation and parole. We conclude that the words "the term of the sentence" found in this section pertain to the particular sentence structure imposed by the trial judge. The term of Aytch's sentence was a five-year prison sentence to be served consecutively to a three-year sentence on a separate conviction.

In *Smith v. State,* 85 Wis. 2d 650, 271 N.W.2d 20 (1978) the supreme court demonstrated that the words "the term of the sentence" found in sec. 973.10(2)(b) pertain to two situations: (1) where initially no sentence is imposed; and (2) where a sentence is imposed, stayed, and the defendant is placed on probation. *Id.* at 656–57, 271 N.W.2d at 22–23. In the former case, the trial court imposes a sentence upon violation of probation. In the latter case, the sentence is executed upon violation of probation. *Id.* In neither situation does sec. 973.10(2)(b) require that each part of a sentence begin to run on the date the person enters prison. Rather, it provides that the term of the sentence, or sentences, as imposed, commences when the person enters prison. *Id.* at 656–57, 271 N.W.2d at 23.

The fact that Aytch's parole in the previous case and probation in the latter case were simultaneously revoked does not require, under sec. 973.10(2)(b), that both sentences begin to run when he enters prison. It requires only that the term of the sentences then commence as previously imposed. The term consists of Aytch's time to be served on the three-year sentence, followed consecutively by the time for the five-year sentence. Although there are two sentences, they were imposed consecutively. Service of the sentences as they were imposed commences upon Aytch's entry into prison.

### III.

Aytch also contends that he should receive credit against the five-year sentence for time spent in jail from the hold placed on him March 30, 1988, until his entry into prison on August 25. He relies on sec. 57.072(5),

513

Stats., which provides that a revoked probationer shall receive credit for the period of jail custody pending revocation. He correctly argues that due process mandates credit against his term of imprisonment for time spent in custody awaiting his revocation hearing and disposition. *See State ex rel. Solie v. Schmidt,* 73 Wis. 2d 76, 82, 242 N.W.2d 244, 247 (1976).

However, Aytch has received credit for time awaiting revocation. The credit was applied against the three-year term. When his parole and probation were revoked he became entitled to credit against his term of imprisonment which consisted of the consecutive sentences. In *State v. Boettcher,* 144 Wis. 2d 86, 100, 423 N.W.2d 533, 539 (1988), the supreme court stated that total custody credit should be applied on a day-to-day basis against the total time of consecutive sentences commencing with the first sentence. Aytch is entitled only to receive day-for-day credit against the first sentence of a unified term consisting of two consecutive sentences. Due process requires nothing more.

*By the Court.*—Order affirmed.