STATE of Wisconsin EX REL. Scott Alan LUDTKE, Petitioner-Appellant, †

v.

DEPARTMENT OF CORRECTIONS, Division of Probation and Parole, Respondent-Respondent.

Court of Appeals

*No. 96–1745. Submitted on briefs September 12, 1997.—Decided October 15; 1997.*

(Also reported in 572 N.W.2d 864.)

†Petition to review denied.

1

On behalf of the petitioner-appellant, the cause was submitted on the brief of *Scott Alan Ludtke, pro se.*

On behalf of the respondent-respondent, the cause was submitted on the brief of *James E. Doyle,* attorney general, and *Pamela Magee,* assistant attorney general.

Before Brown, Nettesheim and Anderson, JJ.

NETTESHEIM, J.   Scott Alan Ludtke appeals pro se from a trial court order denying his petition for habeas corpus relief. Ludtke contends that he was unlawfully denied sentence credit for time he successfully served on parole before his parole was revoked. Ludtke argues that this denial is contrary to Wisconsin statutory and case law. He also argues that the denial violates his constitutional due process rights and double jeopardy protections. Based on our review of the applicable law, we affirm the trial court's denial of habeas corpus relief.

## *FACTS*

The facts underlying Ludtke's appeal are not in dispute. On June 29, 1989, a criminal court sentenced Ludtke to a five-year term of imprisonment. The court, however, stayed this sentence and placed Ludtke on a five-year term of probation with conditions. Ludtke's probation was revoked on July 5, 1991, and he began serving his sentence on August 5, 1991. The Department of Corrections calculated Ludtke's mandatory release date as January 24, 1994, and his mandatory discharge date as September 24, 1995.

On January 30, 1992, Ludtke was released on parole. Ludtke successfully remained on parole for three years and four months until he violated his

parole on April 30, 1995. He was reincarcerated the next day, May 1, 1995. His parole was revoked on July 14, 1995.[1] On May 12, 1995, the department advised Ludtke that he had a period of three years, seven months and twenty-four days remaining on his sentence. Ludtke then requested a "good time forfeiture/reincarceration hearing" which was ultimately held on November 8, 1995. As a result, the department set October 26, 1996, as Ludtke's new mandatory release date and December 20, 1998, as his new mandatory discharge date. On February 9, 1996, Ludtke was again released on parole with conditions.

On February 26, 1996, Ludtke filed a petition seeking a writ of habeas corpus discharging him from the custody of the department on the grounds that he had been unlawfully denied credit for time served on parole. Ludtke argued that he was entitled to credit for the time he successfully served on parole and thus his sentence ended on September 24, 1995—his original mandatory discharge date. Construing § 302.11(7)(a), STATS., the trial court held that "[u]pon revocation the remainder of the sentence is the entire sentence less time served in custody (confinement) prior to parole." The trial court additionally concluded that Ludtke had received proper credit against his sentence pursuant to §§ 304.072 and 973.155, STATS. Ludtke appeals.

## DISCUSSION

██
A prisoner has no constitutional right to parole. *See Ashford v. Division of Hearings & Appeals*, 177 Wis. 2d 34, 44, 501 N.W.2d 824, 828 (Ct. App. 1993).

---

[1] Although the record is not clear, it appears that Ludtke did not contest the revocation of his parole.

Rather, parole is a statutorily created privilege that grants conditional freedom to a parolee. *See id.* "The legislature has authorized the state to revoke a parolee's conditional freedom if a parolee fails to comply with conditions of parole. This potential forfeiture of parole provides the leverage with which the state gains compliance with parole conditions." *Id.* at 44–45, 501 N.W.2d at 828.

On appeal, Ludtke raises two challenges to the trial court's decision to deny him habeas corpus relief. First, Ludtke contends that he was erroneously denied sentence credit under § 302.11(7)(a), STATS., because the statute is in conflict with other relevant statutes and case law. Second, Ludtke argues that the credit denial violated his due process rights and his protection against double jeopardy.

*Sentence Credit Under § 302.11(7)(a), STATS.*

Whether Ludtke is entitled to credit against his sentence for the time he successfully served on parole is governed by § 302.11(7), STATS. The statute provides:

> (a)   The division of hearings and appeals in the department of administration, upon proper notice and hearing, or the department of corrections, if the parolee waives a hearing, may return a parolee released under sub. (1) or (1g) (b) or s. 304.02 or 304.06(1) to prison for a period up to the remainder of the sentence for a violation of the conditions of parole. The remainder of the sentence is the entire sentence, less time served in custody prior to parole. The revocation order shall provide the parolee with credit in accordance with ss. 304.072 and 973.155.

Section 302.11(7)(a).

The question before us is one of statutory construction which this court reviews de novo. *See Gonzalez v. Teskey*, 160 Wis. 2d 1, 7, 465 N.W.2d 525, 528 (Ct. App. 1990). Furthermore, the application of a statute to undisputed facts is a question of law, also subject to de novo review. *See id*. We nevertheless value the trial court's ruling on these issues. *See Scheunemann v. City of West Bend*, 179 Wis. 2d 469, 475, 507 N.W.2d 163, 165 (Ct. App. 1993).

Ludtke contends that he is entitled to full credit for the time he successfully served on parole. He argues that the time served on parole constitutes custody for purposes of sentence credit. We disagree. The unambiguous language of § 302.11(7)(a), STATS., indicates that the department of corrections may return a parolee to prison "for a period *up to the remainder of the sentence* for a violation of the conditions of parole." (Emphasis added.) The statute then defines the remainder of the sentence as "the entire sentence, less time served in custody prior to parole." Section 302.11(7)(a). We conclude that § 302.11(7)(a), by its own terms, distinguishes between "custody" and time served on parole.

Ludtke argues, however, that parole constitutes "constructive" custody and therefore he is entitled to credit. Ludtke relies primarily upon the following language from *Grobarchik v. State*, 102 Wis. 2d 461, 468, 307 N.W.2d 170, 174–75 (1981):

> When the defendant receives a sentence of imprisonment, the term of his confinement is not equivalent to the duration of his sentence. By virtue of the parole statutes, a person may be released from prison prior to the expiration of his sentence. However, the sentence itself continues during

parole until the defendant is finally discharged from prison at the expiration of the term imposed. Until discharge, the defendant is in the constructive custody of the state and is subject to forfeiture of his liberty for violation of the conditions of his parole. The phrase "sentence of imprisonment" as used in sec. 57.01, Stats., does not mean "term of confinement." [Citations omitted.]

Like the trial court, we fully accept this statement of the law but conclude that *Grobarchik* does not apply to the facts of this case. The *Grobarchik* court was not concerned with a parole violation or a resulting revocation. The court was addressing the manner in which a sentence would expire for a defendant who had successfully completed the term imposed. *See Grobarchik,* 102 Wis. 2d at 468, 307 N.W.2d at 174–75. Had Ludtke successfully completed his term of parole, his sentence would have expired based on his original dates. However, once a parolee has violated the conditions of parole, he or she may be reincarcerated under § 302.11(7)(a), STATS., for the remainder of the sentence, less time served in custody prior to parole.

However, the statute does not absolutely require that the balance of the sentence be served in incarceration. Rather, it says that the offender *may be* incarcerated for the remainder of the sentence. Here, although the department could have required that Ludtke be incarcerated for the remainder of his sentence, it instead ordered that he be reincarcerated for one year and six months of that remaining sentence. Thus, Ludtke was not required to serve the entire time in prison that had been available for forfeiture. Rather, he was required to be reincarcerated for only one year and six months. The remainder of the unforfeited time was added on to his future parole supervision period

and used to calculate his new maximum discharge date.

Ludtke next argues that the language of § 302.11(7)(a), STATS., "fails to harmonize and interact with other statutes cited in its very text," specifically §§ 304.072 and 973.155, STATS. We disagree.

Section 304.072, STATS., provides:

> **(1)** If the department of corrections in the case of a parolee or probationer who is reinstated or waives a hearing or the division of hearings and appeals in the department of administration in the case of a hearing determines that a parolee or probationer has violated the terms of his or her supervision, *the department or division may toll all or any part of the period of time between the date of the violation and the date an order of revocation or reinstatement is entered,* subject to credit according to the terms of s. 973.155 for any time the parolee or probationer spent confined in connection with the violation.
>
> . . . .
>
> **(4)** The sentence of a revoked parolee resumes running on the day he or she is received at a correctional institution subject to sentence credit for the period of custody in a jail, correctional institution or any other detention facility pending revocation according to the terms of s. 973.155. [Emphasis added.]

Ludtke reasons that since § 304.072, STATS., only allows the department to toll (deny credit) for the time period between a parole violation and the date of revocation, the department cannot deny credit for any additional time served on parole. In support, he cites to the following language from *Locklear v. State*, 87 Wis. 2d 392, 401, 274 N.W.2d 898, 902 (Ct. App. 1978):

Essentially sec. 57.072 [now § 304.072, STATS.] is a credit statute. Applying the statute to parole, it declares that an offender gets no credit for time served while on parole, beginning with the date of the violation, if it is later proved that he committed the violation. If he is returned to the prison, he only gets credit for time served during good behavior (i.e., before the violation). The remainder of his term is determined by adding time actually served in jail and prison plus the time served on parole, while not in violation of parole. Then, that amount as time served is subtracted from the total sentence (with the appropriate good time also credited).

We reject Ludtke's reliance on *Locklear* for three reasons. First, *Locklear* was decided under a predecessor statute, § 57.072, STATS., 1975. This statute was repealed and recreated by Laws of 1977, ch. 353 and again by 1983 Wis. Act 528, § 20. The current form of this statute is § 304.072, STATS., which reads differently than the statute in effect at the time of *Locklear*. Second, *Locklear* did not involve a parolee or the determination of sentence credit for time successfully served on parole prior to a violation. Rather, the *Locklear* court was addressing whether under § 57.072, STATS., 1975, an offender could be denied sentence credit for time served on probation or parole without notice of the alleged violation and without a final determination that he or she indeed committed the act which resulted in the violation. *See Locklear*, 87 Wis. 2d at 400–01, 274 N.W.2d at 901. Therefore, the language cited by Ludtke is dicta. Third, the *Locklear* court's observation that "[t]he remainder of [a parolee's] term is determined by adding time actually served in jail and prison plus the time served on parole, while not in violation of parole" does not mandate that credit be given under all circumstances for time served

successfully on parole. *See id.* at 401, 274 N.W.2d at 902. Section 302.11(7)(a), STATS., instructs that this is not so.

Therefore, § 304.072, STATS., addresses the tolling of time served between an alleged violation and revocation. It does not serve to limit the department's discretion under § 302.11(7)(a), STATS., to determine what, if any, period of time remaining as a result of revocation should be spent in prison. We reject Ludtke's contention that these statutes are in conflict.

Ludtke additionally argues that § 302.11(7)(a), STATS., conflicts with § 973.155, STATS. The latter statute states that "[a] convicted offender shall be given credit toward the service of his or her sentence for all days spent in custody in connection with the course of conduct for which sentence was imposed." Section 973.155(1)(a). Actual days spent in custody includes, without limitation by enumeration, confinement related to an offense for which the offender is ultimately sentenced. *See id.* Credit is likewise due for "custody of the convicted offender which is in whole or in part the result of a probation or parole hold under s. 304.06(3) or 973.10(2) placed upon the person for the same course of conduct as that resulting in the new conviction." Section 973.155(1)(b).

Ludtke contends that he was in "custody" under § 973.155, STATS., while he was on parole. In support of his contention, he cites to *State v. Gilbert*, 115 Wis. 2d 371, 340 N.W.2d 511 (1983). The issue before the supreme court in *Gilbert* was whether § 973.155 required that a defendant be given credit toward his or her sentence for time spent in the county jail as a condition of probation. *See Gilbert*, 115 Wis. 2d at 372–73, 340 N.W.2d at 512–13. The court first concluded that § 973.155 unambiguously included custody as a condi-

tion of probation. *See Gilbert,* 115 Wis. 2d at 377, 340 N.W.2d at 514–15. The court then concluded that confinement in the county jail, with or without release privileges, constituted "custody" within the meaning of § 973.155. *See Gilbert,* 115 Wis. 2d at 377, 380, 340 N.W.2d at 515, 516.

Based on the court's analysis of custody in *Gilbert,* Ludtke argues that he is entitled to sentence credit for the period of the parole term successfully served prior to a violation. We disagree. The court in *Gilbert* looked to both dictionary definitions of "custody" and the definition of "custody" set forth by the Wisconsin Jury Instructions Committee.[2] *See id.* at 378, 340 N.W.2d at 515. The court concluded that "[the defendants'] incarceration in the county jail as a condition of probation" fell within the definitions of custody. *See id.* The factor of incarceration, or deprivation of liberty, lies at the heart of the *Gilbert* ruling. That factor is not present with a parolee who has been granted the conditional privilege of freedom and liberty.

Therefore, as with § 304.072, STATS., § 973.155, STATS., is aimed at a different aspect of sentence credit than the credit of time successfully served on parole pursuant to § 302.11(7)(a), STATS.

---

[2] The court in *State v. Gilbert,* 115 Wis. 2d 371, 378, 340 N.W.2d 511, 515 (1983), cited the following definitions of custody:

> Webster's Third New International Dictionary (1966) at 559, defines "custody" as: "guarding, keeping. . .2: judicial or penal safekeeping: control of a thing or person with such actual or constructive possession as fulfills the purpose of the law or duty requiring it: imprisonment or durance ['restraint by or as if by physical force: confinement, imprisonment . . .'] of persons. . ." The Random House Dictionary of the English Language (1966) at 357, defines "custody" as: "2. the keeping or charge of officers of the law. . . 3. imprisonment; legal restraint."

We hold that Ludtke was not entitled as a matter of law to be reincarcerated for less than the full time between his date of parole and his maximum discharge date, which includes the time he successfully served on parole. We hold that Ludtke was properly credited with all custody confinement to which he was entitled. Therefore, he was not reincarcerated for any period of time not allowed by law pursuant to the department's authority under § 302.11(7)(a), STATS.

### Constitutional Claims

Ludtke next argues that his constitutional due process rights were violated when he was denied credit for the time served on parole. He also contends that the denial subjected him to double jeopardy.

An individual on parole is not entitled to the full range of constitutional rights accorded citizens. *See Morrissey v. Brewer*, 408 U.S. 471, 480 (1972). Rather, a parolee's right to liberty is conditioned upon compliance with the conditions of parole. *See id.* This conditional liberty interest is protected by the Due Process Clause which entitles an individual to a hearing before revocation of the conditional liberty. *See id.* at 481. From this statement, Ludtke leaps to the conclusion that the denial of credit for time spent on parole operates to forfeit good time and extend a mandatory release date.

Ludtke's argument, however, is premised upon the right to "good time" under prior law. *See, e.g.,* § 53.11(1), STATS. (1981–82). Prior to Lutdtke's sentencing in this case, the legislature abandoned the concept of "good time." *See* 1983 Wis. Act 528, § 2. In its place, the legislature established a mandatory release date,

fixed at two-thirds of the sentence. *See id.* The current version of this statutory change is set out at § 302.11, STATS. We reject Ludtke's argument on this threshold basis.

■

Alternatively, we reject Ludtke's argument on the merits. Good time is earned against confinement time, not time spent on parole. The department has taken no steps to forfeit Ludtke's earned good time while incarcerated. Rather, this case is about whether time successfully served on parole is custody for purposes of sentence credit following revocation of parole. As our earlier discussion reveals, parole is not custody. Therefore, Ludtke was not entitled to credit for his time served on parole on a due process basis. Rather, Ludtke was entitled, at best, to the credit conferred by legislative grace and the department's discretion as set out in § 302.11(7)(a), STATS.[3]

Finally, we address Ludtke's argument that the denial of sentence credit for the full time successfully served on parole violates the Double Jeopardy Clause of the United States Constitution which provides protection against multiple punishments for the same crime. *See Burke v. Goodrich*, 154 Wis. 2d 347, 352–53, 453 N.W.2d 497, 500 (Ct. App. 1990). It is well established that parole is not punishment. *See id.* at 353, 453 N.W.2d at 500. In *State ex rel. Flowers v. DHSS*, 81 Wis. 2d 376, 385, 260 N.W.2d 727, 732 (1978), our

---

[3] Ludtke's pro se brief also appears to contend that due process requires a hearing to determine whether the revoked parolee is entitled to sentence credit for time successfully served on parole. But, as our analysis reveals, § 302.11(7)(a), STATS., already provides for such a hearing. However, we do not hold that this hearing is of constitutional proportion. Rather, as we have said, it is a matter of legislative grace.

supreme court concluded that parole revocation was not punishment because parole revocation hearings are concerned with the rehabilitation of the parolee and not retribution. *See also State v. Grosse*, 210 Wis. 2d 173, 177, 565 N.W.2d 174, 176 (Ct. App. 1997). "Any notion of punishment one might perceive in parole or its revocation is not attributable to the parole itself but to the crime for which the parolee was originally convicted and sentenced. Parole revocation is 'a continuing consequence of the original conviction from which parole was granted,' and cannot form the basis for a claim of double jeopardy . . . ." *Burke*, 154 Wis. 2d at 353, 453 N.W.2d at 500 (citations omitted; quoted source omitted).

Ludtke's particular argument that the denial of credit for time successfully served on parole violates the Double Jeopardy Clause was addressed and rejected in *State ex rel. Bieser v. Percy*, 97 Wis. 2d 702, 295 N.W.2d 179 (Ct. App. 1980). There the court stated that the department "has the power to deny the mandatory release parolee credit against his sentence for his successfully served parole time, his street time." *Id.*, at 707, 295 N.W.2d at 181. The court then concluded that "service in prison of time successfully served on parole and forfeited through revocation does not constitute punishment within the meaning of the double jeopardy clause." *Id.* We likewise conclude that Ludtke's right to protection from double jeopardy was not violated when he was denied credit for the entire time he served on parole prior to revocation.

## CONCLUSION

We conclude that § 302.11(7)(a), STATS., unambiguously allows the department to determine the

14

amount of sentence credit for time successfully served on parole. We further conclude that § 302.11(7)(a) is not in conflict with § 973.155, STATS., § 304.072, STATS., or existing Wisconsin case law.

Since § 302.11(7)(a), STATS., already provides for a hearing upon parole revocation to determine credit for time successfully served on parole, we reject Ludtke's argument that he was denied due process. We further conclude that the denial of sentence credit for time successfully served on parole does not violate the Double Jeopardy Clause. We therefore affirm the order of the trial court denying Ludtke's petition for habeas corpus relief.

*By the Court.*—Order affirmed.