**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 30, 2015*
Decided March 30, 2015

**Before**

DIANE P. WOOD, *Chief Judge*

RICHARD D. CUDAHY, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 14-3301

| | |
|---|---|
| SEAN KENDRICK, | Appeal from the United States District |
|     *Plaintiff-Appellant*, | Court for the Eastern District of |
| | Wisconsin. |
|     *v.* | |
| | Nos. 14-cv-368-JPS & 14-cv-369-JPS |
| GARY HAMBLIN, et al., | |
|     *Defendants-Appellees*. | J.P. Stadtmueller, |
| | *Judge*. |

**O R D E R**

Sean Kendrick has sued prison officials under 42 U.S.C. § 1983 asserting that, in violation of due process and the Eighth Amendment, they incarcerated him for 17 months beyond what he calls his mandatory release date. He seeks money damages and, since he is now on parole, an early end to his parole. The district court granted the defendants' motion to dismiss for failure to state a claim because Kendrick's release date

---

* After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

was not mandatory. Because Kendrick was not deprived of a protectable liberty interest, no constitutional violation occurred, so we affirm the judgment.

Kendrick was convicted in 1998 of a "serious felony" in Wisconsin and sentenced to 20 years' imprisonment. *See* WIS. STAT. § 961.41(1m)(cm)5. (1997); 302.11(1g)(a)1. (1998). The applicable law provides that Wisconsin inmates are entitled to mandatory release on parole after they serve two-thirds of their sentence, *see* WIS. STAT. § 302.11(1) (1998), unless—as is true for Kendrick—the conviction was for a serious felony, in which case the release date is only presumptive, *see id.* § 302.11(1g)(am). Before Kendrick had served two-thirds of his sentence, parole board members informed him that he would not be released on parole on his presumptive release date, *see id.* § 302.11(1g)(b), because he refused to participate in a voluntary program. Kendrick was released from confinement 17 months after his presumptive release date, and he remains on parole.

In an earlier federal case, filed during the 17 months that Kendrick was imprisoned beyond his presumptive release date, Kendrick petitioned for a writ of habeas corpus, *see* 28 U.S.C. § 2254, asserting that his prolonged confinement was unconstitutional. *See Kendrick v. Hamblin, et al.*, No. 12-CV-625-JPS (E.D. Wis. 2013). By the time the district court decided Kendrick's petition, he had been released from prison and put on parole, so the court ruled that the petition was moot. The district court added that, even if Kendrick should have started his parole sooner, he was not entitled to end his parole earlier. His parole term, the court observed, will last until the end of his full 20-year sentence (June 2018) or until he is discharged in the discretion of the Department of Corrections. *See* WIS. STAT. § 302.11(6) (1998). The district court advised Kendrick, though, that if he thought the 17-month delay in releasing him on parole entitled him to money, his only possible recourse was under § 1983. Kendrick did not appeal that decision, but he did file this suit under § 1983. The district court dismissed it for failure to state a claim, concluding that the timing of release on parole was discretionary.

We construe Kendrick's § 1983 complaint as raising two distinct claims. First he contends that the defendants must pay damages for incarcerating him 17 months longer than he thinks was proper. Second Kendrick argues that his parole should be terminated sooner—presumably by 17 months—to account for the 17 months that he spent in prison beyond what he considers to be his mandatory release date.

We begin with Kendrick's argument that he is entitled to damages for the last 17 months that he spent in prison. As a threshold matter, we observe that *Heck v. Humphrey*, 512 U.S. 477 (1994), might ordinarily bar Kendrick's § 1983 claim for damages because the judgment authorizing that confinement has not been invalidated. But because the

district court ruled in the earlier case that mootness prevents him from seeking to vacate the judgment, *Heck* might not apply. *See Spencer v. Kenma*, 523 U.S. 1, 21 (1998) (Souter, J., concurring); *Burd v. Sessler*, 702 F.3d 429, 435 (7th Cir. 2012); *Carr v. O'Leary*, 167 F.3d 1124, 1127 (7th Cir. 1999). We need not, however, resolve the matter because the defendants have not asked us to consider the *Heck* defense. *See Polzin v. Gage*, 636 F.3d 834, 837–38 (7th Cir. 2011); *Kramer v. Vill. of North Fond du Lac*, 384 F.3d 856, 862–63 (7th Cir. 2004); *Carr*, 167 F.3d at 1126.

On the merits of Kendrick's damages claims, he loses. The delay in the onset of parole for 17 months did not violate due process because he does not have a protected liberty interest in a parole release date. Parole statutes do not give rise to a protectable liberty interest when they provide that parole is discretionary. *See Bd. of Pardons v. Allen*, 482 U.S. 369, 378 (1987); *Grennier v. Frank*, 453 F.3d 442, 444 (7th Cir. 2006). That is the case with Wisconsin's law authorizing presumptive release: it enables the parole commission to exercise its discretion to deny parole to otherwise eligible prisoners. *See Bd. of Pardons*, 482 U.S. at 378; *Grennier*, 453 F.3d at 444; *State v. Stenklyft*, 697 N.W.2d 769, 790 (Wis. 2005). Likewise, because Kendrick was not entitled to release after serving two-thirds of his sentence, he fails to state a claim that, in violation of the Eighth Amendment, he was held beyond his term of incarceration. *See Armato v. Grounds*, 766 F.3d 713, 721 (7th Cir. 2014). Thus, we affirm the district court's judgment dismissing Kendrick's § 1983 claim for damages.

Kendrick's second claim is procedurally improper in a § 1983 suit. He wants his parole terminated 17 months early to account for the additional time he spent in prison. But parole is a form of custody, *see Jones v. Cunningham*, 371 U.S. 236, 242–43 (1963); *Cochran v. Buss*, 381 F.3d 637, 640 (7th Cir. 2004), and any challenge to the duration of custody must proceed through a petition for a writ of habeas corpus, *see Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (holding that habeas corpus is exclusive federal remedy for person in custody challenging duration of custody when result he seeks is speedier release). The problem for Kendrick is that he already petitioned under § 2254 to challenge the legality of incarcerating him on his felony conviction for an extra 17 months; now that his custody on the same felony conviction has changed to parole, he challenges the 17 months again. For Kendrick to proceed, we would have to construe his argument as an application pursuant to 28 U.S.C. § 2244(b)(3) for authorization to file another habeas petition advancing his claim, but his argument does not warrant authorization for two reasons.

First, Kendrick cannot present in a second or successive petition a claim that already was presented in a prior petition. *See* 28 U.S.C. § 2244(b)(1). And Kendrick's claim here is the same as in his prior petition: he contends that he was imprisoned 17 months too long. His request for a different *remedy*—a shorter parole term—or a different argument about the constitutionality of his confinement is not a new claim under § 2241(b)(1). *See Brannigan v. United States*, 249 F.3d 584, 587–88 (7th Cir. 2001) (stating that "new legal arguments about the same events" are not new claims under § 2244(b)(1)); *Bennett v. United States*, 119 F.3d 470, 471–72 (7th Cir. 1997) (same).

Second, § 2244(b)(2) provides another reason for denying Kendrick's petition. Authorization depends on an alleged federal constitutional violation, *see* 28 U.S.C. § 2244(b)(2)(A), and Kendrick has not stated one. Kendrick has no protectable liberty interest in a parole term that ends before the completion of his 20-year sentence in June 2018. *See* WIS. STAT. § 302.11(6) (1998); *State ex rel. Ludtke v. Dep't of Corr., Div. of Prob. & Parole*, 572 N.W.2d 864, 866 (Wis. Ct. App. 1997). Without a protectable liberty interest in release from parole before June 2018, due process is not violated by 17 months spent on parole before then.

Accordingly we AFFIRM the judgment and DENY Kendrick's implied request for authorization to file a second or successive habeas petition.