COURT OF APPEALS
DECISION
DATED AND FILED

July 9, 2020

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2019AP1454-CR**

Cir. Ct. No. **2018CF482**

**STATE OF WISCONSIN**

**IN COURT OF APPEALS
DISTRICT IV**

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

 V.

WILLIAM PETERS MYERS,

   DEFENDANT-APPELLANT.

---

APPEAL from a judgment and an order of the circuit court for Rock County: JOHN M. WOOD, Judge. *Affirmed*.

Before Blanchard, Graham, and Nashold, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. William Myers appeals an amended judgment of conviction in which the circuit court removed language from the original judgment stating that Myers' sentence would be concurrent to certain other sentences. Myers also appeals the court's order denying his postconviction motion seeking sentence credit based on the original judgment of conviction. Myers does not persuade us that the circuit court erred in amending the judgment. Accordingly, we affirm.

## *Background*

¶2 The relevant historical facts are not in dispute.

¶3 On October 2, 2018, Myers was sentenced for three offenses in Fond du Lac County cases 16CF270 and 16CF280. The 16CF270/280 sentences were: (1) six months of jail time; (2) ninety days of jail time; and (3) a four-year term of imprisonment consisting of one year of initial confinement and three years of extended supervision. All of the 16CF270/280 sentences were made consecutive to one another.

¶4 On October 3, 2018, Myers was sentenced for an additional offense in Fond du Lac County case 15CF572. The 15CF572 sentence was a two-year term of imprisonment consisting of eighteen months of initial confinement and six

months of extended supervision. It was made consecutive to the 16CF270/280 sentences.[1]

¶5 On October 23, 2018, Myers was sentenced in this case. When imposing sentence, the circuit court adopted the parties' joint recommendation for a six-year term of imprisonment consisting of two years of initial confinement and four years of extended supervision. The court also adopted the parties' joint recommendation that the sentence be made consecutive to Myers' 15CF572 sentence but concurrent to any other sentence Myers was currently serving. Accordingly, the court entered a judgment of conviction stating that Myers' sentence was consecutive to the 15CF572 sentence but concurrent to any other sentence he was serving.

¶6 Subsequent to the entry of the judgment, the department of corrections sent a letter to the circuit court requesting clarification. The department pointed out that the 16CF270/280 sentences and the 15CF572 sentence were all consecutive to one another, and that the court had imposed Myers' sentence in this case consecutive to the 15CF572 sentence. The department stated that, under these circumstances, Myers' sentence in this case would be consecutive to the 16CF270/280 sentences as well. The circuit court amended the judgment of conviction so that it omitted any reference to Myers' sentence being concurrent to other sentences.

---

[1] Because Myers' sentences included prison time, any jail time would be served in prison. *See* WIS. STAT. § 973.03(2) (2017-18) ("A defendant sentenced to the Wisconsin state prisons and to a county jail or house of correction for separate crimes shall serve all sentences whether concurrent or consecutive in the state prisons."). All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

¶7   Myers brought a postconviction motion in which he requested sentence credit based on the original judgment of conviction. He asserted that the amended judgment was inconsistent with the circuit court's pronouncement at sentencing.

¶8   The circuit court denied Myers' motion. The court found that the intent of the parties' joint sentencing recommendation was to ensure that Myers' sentence in this case was consecutive to his 15CF572 sentence, and the court agreed with the department of corrections that, because Myers' sentence was consecutive to the 15CF572 sentence, it could not be concurrent to his 16CF270/280 sentences. Myers appealed.

### *Discussion*

¶9   The potential issues in this appeal have been narrowed by a concession that Myers makes in his reply brief. However, to provide context for that concession, we first summarize the parties' broader arguments.

¶10   Myers contends that the circuit court lacked authority to amend the judgment of conviction to make his sentence in this case consecutive to the 16CF270/280 sentences, contrary to the court's pronouncement at sentencing. He argues that the amended judgment violates his rights to finality and against double jeopardy. Myers argues, as he did in the circuit court, that the original judgment must be reinstated, entitling him to additional sentence credit.

¶11   The State counters that the circuit court properly amended the judgment of conviction because circuit courts have authority to modify an illegal sentence. The State contends that the sentence the court originally imposed was an impossibility and, therefore, illegal. The State further argues that Myers

forfeited his double jeopardy argument by not raising that argument in the circuit court. Finally, the State argues that, regardless of forfeiture, there was no double jeopardy violation.

¶12 In his reply brief, Myers concedes that he "agrees that if the original sentence was illegal that the court could correct it without violating [his] right to finality and against double jeopardy." Myers disagrees, however, that the sentence was illegal.

¶13 Given this concession, we conclude that the dispositive issue is whether Myers' sentence as originally imposed was an illegal sentence. We note that the above-quoted language from Myers' reply brief also appears to concede that the circuit court has authority to correct an illegal sentence. Regardless, even if Myers did not concede that proposition, there is no doubt that the circuit court has such authority. As the State points out, our supreme court has stated that circuit courts have authority to modify a sentence "'to correct formal or clerical errors or an illegal or a void sentence at any time.'" *See State v. Crochiere*, 2004 WI 78, ¶12, 273 Wis. 2d 57, 681 N.W.2d 524 (quoted source omitted), *abrogated on other grounds by State v. Harbor*, 2011 WI 28, 333 Wis. 2d 53, 797 N.W.2d 828; *see also Harbor*, 333 Wis. 2d 53, ¶35 n.8 ("[A] circuit court has authority to modify a sentence even though no new factor is presented, such as when the court determines that the sentence is illegal or void.").

¶14 The question remains whether Myers' sentence as originally imposed was an illegal sentence, thus giving the circuit court authority to correct the sentence. We review this question of law de novo. *See State v. Klubertanz*, 2006 WI App 71, ¶26, 291 Wis. 2d 751, 713 N.W.2d 116.

¶15     Myers contends that his sentence as originally imposed was not illegal because it was authorized by WIS. STAT. § 973.15(2).  He points to the statutory language stating that "the court may impose as many sentences as there are convictions and may provide that *any* such sentence be concurrent with or consecutive to *any* other sentence imposed at the same time or previously."  *See* § 973.15(2)(a) (emphasis added).  Myers argues that this statutory language authorized the circuit court to impose his sentence in this case concurrent with his 16CF270/280 sentences.

¶16     The State contends that Myers' sentence as originally imposed was an illegal sentence because it was not possible to serve such a sentence.  The State argues, as we understand it, that it was impossible to serve a sentence that was both consecutive to the 15CF572 sentence and concurrent with the 16CF270/80 sentences given that:  (1) the 15CF572 and 16CF270/280 sentences were all consecutive to one another, and (2) the 16CF270/280 sentences had to be served before the 15CF572 sentence because they were the first sentences imposed.  The State argues that the only way Myers' sentence in this case could conceivably be served as originally imposed would be by splitting the initial confinement portion of the sentence, contrary to ***State v. Bagnall***, 61 Wis. 2d 297, 212 N.W.2d 122 (1973), *superseded by statute on other grounds, as stated in **State v. Rabe***, 96 Wis. 2d 48, 56, 291 N.W.2d 809 (1980).  In ***Bagnall***, our supreme court concluded that "a court cannot split a sentence and provide for only part of a term to be served concurrently with another."  *See **Bagnall***, 61 Wis. 2d at 312.

¶17     We are more persuaded by the State's argument than we are by Myers' argument.

¶18     First, Myers fails to demonstrate that there is not a ***Bagnall*** problem with his sentence as originally imposed. Myers asserts that here, unlike in ***Bagnall***, the circuit court's "original sentence did not make the original sentence itself partially concurrent and partially consecutive to another sentence as the trial court did in ***Bagnall***." However, the original sentence would have effectively split Myers' sentence if it was served in the only way that either party has suggested is conceivable: Myers first would have served part of his confinement time in this case while he was serving his confinement time for the 16CF270/280 sentences; he next would have served eighteen months of his confinement time for the 15CF572 sentence while *not* serving any time in this case; and then finally, after completion of his confinement time in 15CF572, he would have resumed serving his confinement time in this case.

¶19     Second, even without ***Bagnall***, we would reject Myers' argument that his sentence as originally imposed was lawful because Myers never explains how it would have been legally permissible for him to serve that sentence. As far as we can tell based on the parties' arguments and the record, serving that sentence would have required the sentence to be paused, tolled, or otherwise temporarily suspended in a manner that is not legally authorized.

¶20     Myers' reliance on WIS. STAT. § 973.15(2) as authorizing his original sentence is not persuasive. It is true that the statutory language provides that the circuit court may impose "any" sentence concurrent with "any" other sentence "imposed … previously." *See* § 973.15(2)(a). But it is not reasonable to read this language, as Myers seemingly does, to mean that any sentence may be imposed concurrent to any other sentence previously imposed *regardless of the factual context*. For example, it would be unreasonable and absurd to read the statute to mean that a new sentence imposed in 2020 can be made concurrent with

a sentence completed in 2018, even though the literal language of the statute might seem to authorize this result. We interpret statutes to "avoid absurd, unreasonable, or implausible results." *See Force ex rel. Welcenbach v. American Family Mut. Ins. Co.*, 2014 WI 82, ¶30, 356 Wis. 2d 582, 850 N.W.2d 866. Myers provides no argument showing it would be reasonable to interpret the statute to authorize his sentence as originally imposed.

¶21 In sum, for the reasons stated above, we conclude that the circuit court properly amended the judgment of conviction. Myers does not contend that he is entitled to the sentence credit he seeks even if the court properly amended the judgment. Thus, we address his sentence credit argument no further.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.